COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-124-CR

JOHN RAY HERNANDEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant John Ray Hernandez of burglary of a habitation, and the trial court sentenced him to twenty-five years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  In two points, Appellant contends that the evidence is legally and factually insufficient to support his conviction.  Because we hold that the evidence is legally and factually sufficient, we affirm the trial court’s judgment.

The evidence shows that an off-duty police officer awoke one spring morning about 7:45 a.m. to noises coming from outside the bedroom window of his duplex.  When he went outside to investigate, he saw a man remove shards of glass from the rear window of the other half of the duplex and then enter the home through the broken window.  The police officer knew the occupant of the other half of the duplex and that she would have already left for work.  He went inside his home to report the burglary to the police on duty and quickly returned to the backyard, this time carrying his radio and gun, where he met the burglar face-to-face after the burglar exited his neighbor’s home.  The burglar said, “Oh, shit,” dropped the duffel bag he was carrying, and ran away through a field behind the duplex.

The off-duty police officer notified the police of the direction in which the suspect had fled and gave a general description of him.  Within about thirty minutes, an officer on duty picked up a man matching the description about a block away from the duplex.  The off-duty officer, who had heard on his police radio that a suspect had been detained, drove over to the scene of the arrest and identified the man as the person he had seen at his neighbor’s window and later leaving her home.  At trial, the off-duty police officer also identified the man, Appellant, as the person he had seen at his neighbor’s window, as the person he had seen leaving his neighbor’s home, and as the person he had previously identified to the police.

The complainant testified that she had not given anyone permission to enter her home or remove things from it, that she did not know Appellant, and that the items discovered in the duffel bag and the duffel bag itself belonged to her or her brother.

Appellant contends that the complainant’s testimony that she had not given consent for anyone to enter her residence and remove property is insufficient to prove that she did not give him permission.  He also points to the absence of fingerprint evidence tying him to the crime as well as the fact that no stolen property was found on him.  Appellant’s choice of entry—a newly broken window—is itself evidence of the complainant’s lack of consent for his entry.
(footnote: 2)  Further, a jury could properly conclude that the absence of fingerprint evidence, given the fact that Appellant was caught red-handed by a police officer, did not tend to exonerate him.
(footnote: 3)  Finally, even though Appellant was not apprehended with the stolen items, he was seen dropping them.
(footnote: 4)
 Accordingly, based upon the applicable standards of review,
(footnote: 5) we hold that the evidence is legally and factually sufficient to support Appellant’s conviction for burglary of a habitation, overrule his two points, and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 1, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
,
 e.g.
,
 Patrick v. State
, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995) (holding that window that had been forced open was evidence of lack of consent), 
cert. denied
, 517 U.S. 1106 (1996); 
see also Prescott v. State
, 610 S.W.2d 760, 763 (Tex. Crim. App. 1981) (holding that lack of consent may be proven by circumstantial evidence).

3:
See Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (pointing out that we do not reweigh the evidence); 
Butler v. State
, 736 S.W.2d 668, 671 (Tex. Crim. App. 1987) (“[T]he lack of appellant's fingerprints on the alleged murder weapon does not tend to prove that someone other than appellant had wielded the knife.”).

4:
See Poncio v. State
, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006) (“[A] defendant’s unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary.”).

5:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (both providing legal sufficiency standard of review); 
Watson v. State
, 204 S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Johnson v. State
, 23 S.W.3d 1, 8-9, 11-12 (Tex. Crim. App. 2000); 
Cain
, 958 S.W.2d at 407 (all providing factual sufficiency standard of review).