**Victor Vernon WATSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–86–308–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 19, 1987.

Rehearing Denied April 23, 1987.

---

Joan E. Scroggins, Caldwell, for appellant.

Charles J. Sebesta, Jr., Caldwell, Larry Urquhart, Brenham, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Victor Vernon Watson, appeals a judgment of conviction for burglary of a building. Appellant had been indicted for burglary of a habitation, but the trial court granted the State's motion to proceed on the lesser included offense. Appellant entered a plea of not guilty. The jury found appellant guilty and assessed punishment at fifteen (15) years confinement in the Texas Department of Corrections plus a fine of $2,500. We affirm.

Appellant presents three points of error, asserting the trial court erred in: (1) holding the evidence sufficient to sustain a conviction, thus overruling his motion for instructed verdict, when the accomplice witness testimony was uncorroborated; (2) submitting a portion of the jury charge on

the law of parties, over appellant's objection; and (3) communicating with the jury in appellant's absence, without the presence of the court reporter.

A recitation of relevant evidence is necessary. The State's accomplice witness, Daryl Carter, testified he had known appellant for about six months, and made an in-court identification of appellant. Carter stated that on four or five occasions over approximately a one week period ending December 24, 1985, he entered a deserted old house (the building) in Lyons, Texas and took items of furniture without the owner's permission. He testified appellant entered the house with him on two occasions. A third time, appellant helped Carter haul away furniture hidden outside the house. On December 23, 1985, Carter, appellant and probably a third man, Johnson, took "a couple of pieces of furniture" from the house. Carter testified he was uncertain which items the men took on this particular occasion; however, he was certain that the three men, joined by a fourth, sold the furniture to "Doug" (Douglas Bryant), owner of a nearby antique store. Carter thought the furniture taken that time consisted of a victrola, a china cabinet, and a small table.

Bryant, the shop owner, testified he knew Carter and appellant. He stated he had purchased furniture from Carter on several occasions, and testified appellant was with Carter on two of those occasions. He also testified he bought furniture from Carter and appellant on December 23, 1985, paying Carter $20.00 cash plus a check for $37.50 for an oak dresser; and paying appellant $37.50 by check for a false-grain dresser. The checks were introduced into evidence and copies are included in the record (State's Exhibits 4 and 5). On December 27, 1985, Bryant learned some or all the items were stolen when the complainant, Julius Knesek, owner of the house, and his sister identified the property as coming from the house.

The complainant's sister, Milady Kristoff, testified she and her brother discovered the burglary on December 25, 1985, and reported the items stolen on that date.

They identified all items Bryant purchased from appellant and Carter as stolen, except for one china cabinet Carter had sold for $85.00.

In appellant's first point of error, he complains the trial court erred in holding the evidence sufficient to sustain a conviction, thus overruling his motion for instructed verdict, when the testimony of the accomplice witness was uncorroborated. Contrary to appellant's contention, we find the testimony was sufficiently corroborated.

The trial court's charge instructed the jury that Daryl Carter was an accomplice witness as a matter of law. The Code of Criminal Procedure deals with accomplice testimony as follows:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence *tending to connect* the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

Tex.Code Crim.Proc.Ann. art. 38.14 (Vernon 1979) (emphasis added).

Appellant maintains Carter's testimony was uncorroborated since Carter was the only witness to testify appellant entered the old house; moreover, he was uncertain which items he and appellant supposedly took. Additionally, Bryant, the antique store owner, did not testify that anyone identified as stolen the false-grain dresser allegedly purchased from appellant.

 It is clear that accomplice witness testimony is untrustworthy and must be viewed with caution. *Eckert v. State*, 623 S.W.2d 359, 361 (Tex.Crim.App.1981). Therefore, to test the sufficiency of corroboration, the accomplice testimony must be eliminated from consideration and testimony of other witnesses examined, to determine if any evidence exists *tending to connect* the accused with the commission of the offense. The nonaccomplice corroborative evidence need only make the accomplice's testimony "more likely than not"; and the entire accomplice testimony need not be corroborated. *Id.* (citations omitted).

■ The evidence in the case before us establishes the burglary of the complainant's building. The record shows the complainant and his sister identified items of furniture at Bryant's store as having been stolen from the old house. Among the furniture were two dressers, one of which appellant had sold to Bryant. The sole item not identified as stolen by the complainant and his sister was a china cabinet. There is a strong inference, therefore, that the false-grain dresser appellant sold to Bryant was identified by the complainant and his sister as stolen. Additionally, Bryant testified he purchased a false-grain dresser from appellant; and a copy of the check is in evidence. *See Tolley v. State*, 717 S.W.2d 334 (Tex.Crim.App.1986). Taken as a whole, the corroborative evidence at the least tends to connect appellant with the burglary. *See Kelly v. State*, 135 Tex. Crim. 509, 120 S.W.2d 1067 (Tex.Crim.App. 1938). The evidence also makes the testimony of Daryl Carter, the accomplice witness, "more likely than not." Since the accomplice witness testimony was sufficiently corroborated, the trial court properly overruled appellant's motion for instructed verdict. Appellant's first point of error is overruled.

In appellant's second point of error, he alleges the trial court erred in submitting a charge to the jury on the law of parties. The charge, which tracks the language of Sections 7.01(a) and 7.02(a)(2) of the Texas Penal Code, reads as follows:

> All persons are parties to an offense who are guilty of acting together in the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both.

> A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.

Appellant argues that including such a charge constitutes reversible error. Claiming there was insufficient corroborative evidence to support a finding that appellant solicited, encouraged, directed, aided or attempted to aid Carter in the commission of the burglary, appellant maintains apparently that an instruction on the law of parties was likewise unsupported by the evidence. Appellant makes a factually incorrect assertion in support of his position, stating "not even the accomplice witness testified that the appellant entered the building and removed or helped remove the dresser...." In fact, Carter testified on cross-examination and on redirect that appellant entered the house at least twice.

■ For the reasons detailed in our discussion of point of error one we cannot agree with appellant's argument. We find the nonaccomplice testimony of the antique store owner, the complainant, and his sister, sufficient to corroborate Carter's testimony, thereby tending to connect appellant to the burglary. Since the evidence also supported a finding that appellant, Carter, and Johnson committed the offense together, the trial court's instruction was properly included in the charge.

■ Because the evidence supported an instruction on the law of parties its inclusion in the charge was proper, although no such allegation was included in the indictment. *Le Duc v. State*, 593 S.W.2d 678, 685 (Tex.Crim.App.1979); *Pitts v. State*, 569 S.W.2d 898, 900 (Tex.Crim.App.1978). The section of the charge of which appellant complains is merely an abstract instruction. The charging paragraph applying the law to the facts of the case made appellant's guilt dependent on a finding he committed the offense alone. Because the court instructed the jury to convict appellant if it found he acted alone, any error resulting from the inclusion of the instruction is harmless. *Todd v. State*, 601 S.W.2d 718, 721 (Tex.Crim.App.1980); *Stein v. State*, 514 S.W.2d 927, 934 (Tex. Crim.App.1974). Appellant's second point of error is overruled.

In appellant's third point of error, he alleges the trial court committed reversible

error in communicating with the jury in his absence, and without the presence of the court reporter. The record shows the jury sent the following note to the judge during punishment deliberations, shortly before the verdict was returned:

"1. How is a fine paid if the defendant is in the pen and must it be paid before parole can be considered or after he is on parole.

2. Can we consider restitution.

3. Must the fine be paid before release from TDC."

The trial court responded in writing as follows:

"1. Fine may be paid at any time and may be a condition of parole.

2. No

3. No"

Appellant argues the procedure used by the trial court in communicating with the jury violated article 36.27 of the Texas Code of Criminal Procedure. That article states in pertinent part:

The court shall answer any such communication in writing.... [I]f [the court] is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.

All such proceedings in felony cases shall be a part of the record and recorded by the court reporter.

Tex.Code Crim.Proc.Ann. art. 36.27 (Vernon 1981).

The record in the case before us is silent as to whether or not the communication was read in open court. The record contains only the handwritten questions and answers noted above; there is no court reporter notation in the statement of facts and no notation on the docket sheet. Additionally, there is no showing in the record either by trial objection or bill of exception that appellant objected to the court's written answers to the jury, nor does appellant so claim.

Appellant appears to take the position that any violation of the mandatory procedural provisions of article 36.27 constitutes reversible error. We do not agree.

First, the trial court's answers would need to be construed as "additional instructions" to the jury before being found to be improper. *Smith v. State*, 513 S.W.2d 823, 829 (Tex.Crim.App.1974). Second, harm must be demonstrated before error is reversible. *McGowan v. State*, 664 S.W.2d 355, 358–359 (Tex.Crim.App.1984).

Even if the answers to the jury in the instant case are construed as additional instructions, the record has not demonstrated, nor has appellant alleged, the requisite harm. There is no showing that the jury's consideration of the court's information harmed appellant in any way. Pursuant to the court's three answers, the jury did not order restitution; and the fine assessed was at the lower range of the punishment scale. We may not presume harm in this situation. *Haliburton v. State*, 578 S.W.2d 726, 728 (Tex.Crim.App.1979).

Furthermore, we must presume statutory compliance. The record is silent as to the trial court's procedure in responding to the jury's note, and as to the absence of appellant and his counsel. Moreover, we find neither appellant's objection nor bill of exception in the record. *Smith v. State*, 513 S.W.2d at 829; *Lipscomb v. State*, 467 S.W.2d 417, 420 (Tex.Crim.App.1971). Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.