NO. 07-07-0025-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



AUGUST 14, 2007


______________________________



DONNY KEVIN DAVIS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 53,837-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Donny Kevin Davis appeals his conviction for burglarizing a habitation via four
issues. He contends 1) the trial court erred in failing to hold a hearing on his motion for
new trial, 2) the trial court erred in failing to include an accomplice witness instruction in the
charge, 3) he received ineffective assistance of counsel because his counsel failed to
request an accomplice witness instruction, and 4) the accomplice witness testimony was
not sufficiently corroborated. We address the fourth issue first for it aids in the disposition
of the others, and, upon doing so, affirm the judgment. 

 Corroboration of Accomplice Testimony

 Corroborating evidence need only tend to connect the accused to the offense, not
establish guilt beyond a reasonable doubt. McDuff v. State, 939 S.W.2d 607, 613 (Tex.
Crim. App. 1997). Moreover, there is no exact rule as to the amount of evidence that is
required for corroboration. Dowthitt v. State, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996). 
Instead, each case must be decided upon its own facts and circumstances. Martinez v.
State, 163 S.W.3d 92, 94 (Tex. App.-Amarillo 2005, no pet.). 

 The following non-accomplice evidence is found in the record before us. Appellant
had a history of soliciting money from individuals, including the burglary victim, at the site
of the burglary. Immediately prior to the burglary, appellant indicated that someone who
lived at the apartment complex (other than the eventual burglary victim) owed him money. 
Additionally, appellant was seen by the burglary victim looking into various apartment
windows within twenty-four hours of the time the burglary occurred. He also went to the
apartment complex shortly before the burglary to collect money allegedly owed to him. He
was not only there when the burglary victim left for work but also at or around the time of
the burglary. Next, of the various items stolen, one consisted of a black, thin PlayStation
II. Shortly after the burglary, appellant pawned, at a nearby pawnbroker, a PlayStation II
matching the description of the one stolen. Finally, appellant admitted he was in the
company of the accomplice before and after the burglary; in fact, both were captured
together on video when the item was pawned. 

 While the accused's presence at the crime scene is by itself insufficient to connect
him to the crime, presence coupled with other circumstances may be enough. Trevino v.
State, 991 S.W.2d 849, 851-52 (Tex. Crim. App. 1999). Here, we have not only presence
at the scene and with the accomplice but also motive (i.e. appellant's repeated quest for
money from those at the apartment complex), opportunity (presence throughout the
pertinent times), suspicious activity shortly before the burglary (looking into apartment
windows), possession of an item matching the description of one that was stolen,
interaction between appellant and the accomplice, and appellant's pawning the item for
money. These facts are more than sufficient to tend to connect appellant to the burglary. 
See Gill v. State, 873 S.W.2d 45, 48-49 (Tex. Crim. App. 1994) (finding the non-accomplice evidence sufficient corroboration when it showed 1) that the complainant was
robbed by a person or persons, 2) the defendant had the opportunity to commit the robbery
because he lived nearby, 3) after the robbery, the defendant acted secretively, 4) the
defendant was in the presence of the accomplice after the theft, and 5) the defendant
jointly possessed items matching those stolen). The fact that the complainant did not at
trial positively identify the pawned Playstation device as his own does not mean the jury
could not infer under these facts that it was the same. See Watson v. State, 728 S.W.2d
109, 111-12 (Tex. App.-Houston [14th Dist.] 1987, no pet.) (finding sufficient corroboration
even though no one testified that the dresser in appellant's possession after the theft was
the one stolen). 

 Moreover, the two authorities relied upon by appellant are inapposite. In Ex parte
Zepeda, 819 S.W.2d 874 (Tex. Crim. App. 1991), the non-accomplice testimony illustrated
that Zepeda was "near" the murder scene with a group of people that did not include the
decedent, the decedent was shot with a rifle, and Zepeda later tried to sell a rifle to a third
party. The connection between the rifle and the murder was established only through
accomplice testimony which could not be considered. Moreover, nothing discussed in the
opinion suggested that the rifle was of the same make, model or caliber as that used in the
killing. The Court of Criminal Appeals found these circumstances to be less than enough
to connect appellant to the murder. Similarly, the non-accomplice evidence in Howard v.
State, 972 S.W.2d 121 (Tex. App.-Austin 1998, no pet.) was found wanting because it
simply placed Howard in the room wherein drugs were found to be hidden in a light fixture. 
Without the accomplice testimony nothing else linked him to those drugs. Like both
Howard and Zepeda, here we have non-accomplice evidence placing appellant near the
crime scene before the crime occurred. Yet, unlike those two cases, we also have non-accomplice testimony illustrating motive (i.e. appellant's quest for money), preparation (i.e.
appellant's looking in windows of various apartments), appellant's presence with the
accomplice before and after the burglary, appellant's possession of an item actually
matching the description of something stolen from the apartment soon after the burglary,
and appellant's pawning of the item in exchange for money. These additional factors
cannot be ignored and suffice to carry the situation before us over the threshold which
could not be cleared in Howard and Zepeda. Accordingly, we overrule appellant's
complaint that the non-accomplice evidence was insufficient to connect him to the burglary.

 Failure to Provide Accomplice Instruction or Request It

 Next, appellant asserts that the trial court erred in omitting an accomplice witness
instruction from its charge and that his trial counsel was ineffective because he did not
request it. We overrule the contentions.

 We acknowledge that the trial court erred in omitting the instruction. It had an
obligation to provide it irrespective of any requests by counsel. Howard v. State, 972
S.W.2d at 126. Similarly, at least one court found it difficult to conceive of a situation
wherein reasonably competent counsel could legitimately forego requesting such an
instruction as part of some trial strategy. See id. Yet, this type of error by the trial court
or deficiency by counsel does not ipso facto warrant reversal. It still must be shown that
harm resulted from the wrong. Id.; Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002) (requiring proof of both deficient performance and prejudice before one can succeed
upon a claim of ineffective assistance). Furthermore, the harm emanating from the trial
court's omission must be egregious due to counsel's failure to request an instruction,
Howard v. State, 972 S.W.2d at 126-27, while that arising from the deficient performance
must be of a quantum sufficient to create a reasonable probability that the verdict would
have differed had the omission not occurred. Bone v. State, 77 S.W.3d at 833. 

 As previously addressed, sufficient non-accomplice evidence existed to connect
appellant to the burglary. Indeed, it alone could have been enough to warrant conviction. 
One need only read Poncio v. State, 185 S.W.3d 904 (Tex. Crim. App. 2006) to conclude
this. There, our Court of Criminal Appeals held that the recent possession of stolen
property is enough to support the conviction of the possessor for burglary. Id. at 904-05. 
Here, we have that and more. 

 Again, the record contained evidence not only placing him at the scene but also
revealing his potential motive, preparing to act, recently possessing a PlayStation matching
the description of the stolen PlayStation, hocking the PlayStation, and being in the
presence of another of the thieves before and after the burglary. 

 While no one directly testified that the PlayStation which appellant pawned was the
same one that was stolen, we nonetheless have circumstantial evidence sufficient to fill the
void. It consisted of the matching descriptions of the item stolen and the item pawned, the
close geographic proximity between the pawn shop and the burglary scene, the close
temporal proximity between the time of the burglary and the time that appellant pawned
the item, appellant's effort to spy into windows, and his ongoing search for funds. These
indicia were sufficient to enable one to conclude beyond reasonable doubt that the item
pawned was the item stolen.

 So, while the testimony from the accomplice witness was informative and cited often
by the State, it was not necessarily needed to secure conviction. And, because it was not,
the factfinder could have ignored it in toto and still rendered the verdict it did. And,
because it could have done that, we are unable to say that the trial court's omission caused
egregious harm or a reasonable probability existed that the outcome would have differed
had the instruction been given. In short, the errors do not warrant reversal. 

 Motion for New Trial

 Finally, appellant believes the trial court erred in failing to convene a hearing on his
motion for new trial. Elemental to the contention are the omitted accomplice instruction
and trial counsel's affidavit wherein he indicated that his failure to request it was not part
of any trial strategy. And, because of trial counsel's admission, a hearing allegedly was
warranted. We overrule the issue.

 Whether the trial court erred in failing to conduct an evidentiary hearing depends
upon whether it abused its discretion. Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim.
App. 2003). That occurs when its decision falls outside the zone of reasonable
disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).
Furthermore, one may be entitled to such a hearing only when the motion and supporting
affidavits raise matters not determinable from the existing record and that could entitle the
movant to relief. Rozell v. State, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). With these
rules in mind, we return to the evidence of record and our previous discussion of it. 

 Despite counsel's admission, the trial court could have simply reviewed the existing
record and reasonably concluded that the instruction would not have resulted in a different
outcome. Indeed, we acknowledged as much in our discussion of the prior issues. In
short, it could have done much as we did and simply decided that even if there was error
there existed little probability that it affected the jury's decision. And, because it could have
so decided, we cannot say that it abused its discretion in opting not to hold a hearing on
the motion. 

 All issues having been overruled, the judgment is affirmed.


 Brian Quinn 

 Chief Justice


Do not publish.



y="62" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Grid Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0338-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



MAY
26, 2011

 



 

GARY DEAN POSEY,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 61,421-E; HONORABLE DOUGLAS R. WOODBURN,
PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Gary Dean
Posey was convicted after a jury trial for possessing a controlled substance in
a drug free zone.  He was then sentenced
to fifty years in prison.

Appellants appointed counsel has filed a
motion to withdraw, together with an Anders[1]
brief wherein he certified that, after diligently searching the record, he
concluded that the appeal is without merit. 
Along with his brief, appellate counsel attached a copy of a letter sent
to appellant informing him of counsels belief that there is no reversible
error and of appellants right to file a response or brief pro se.[2]  By letter dated March 7, 2011, this court
also notified appellant of his right to tender his own brief or response.  After requesting and receiving an extension
of time to do so, appellants response was filed on May 16, 2011.  

In compliance with the principles enunciated
in Anders, appellate counsel discussed
several potential areas for appeal.  They
involve 1) a motion for speedy trial, 2) a motion to suppress the evidence, 3) a
venire member being excused for cause, 4) objections to the evidence, 5)
appellants motion for instructed verdict based on care, custody, control, or
management of the controlled substance and the lack of affirmative links, and
6) appellants request for a clarification to the jury charge.  However, appellate counsel explained why each
argument lacks merit.  

Appellant also raised several issues in his
response including 1) his lack of effective assistance of counsel, 2) his lack
of a speedy trial, and 3) the motion to suppress.  The latter two issues were adequately
discussed by appellate counsel and, without evidence in the record as to the
reasons for trial counsels actions, the ineffective assistance of counsel claims
are without support.  Ex parte Niswanger, No. AP-76,302, 2011
Tex. Crim. App. Lexis 390, at *9-10 (Tex. Crim. App. March 16,
2011).

We also conducted our own review of the
record to assess the accuracy of appellate counsels conclusions and to uncover
any reversible error pursuant to Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991).  That review has failed to reveal reversible
error.  

Accordingly, the motion to withdraw is
granted, and the judgment is affirmed.

 

                                                                        Brian
Quinn 

                                                                        Chief
Justice

 

Do not publish.       

            








 











[1]Anders v. California, 386
U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).





[2]Appellant
also has a right to file a pro se petition
for discretionary review with the Court of Criminal Appeals upon this court
affirming his conviction.