NO. 07-07-0025-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 14, 2007
_____

DONNY KEVIN DAVIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 53,837-E; HON. ABE LOPEZ, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Donny Kevin Davis appeals his conviction for burglarizing a habitation via four issues. He contends 1) the trial court erred in failing to hold a hearing on his motion for new trial, 2) the trial court erred in failing to include an accomplice witness instruction in the charge, 3) he received ineffective assistance of counsel because his counsel failed to request an accomplice witness instruction, and 4) the accomplice witness testimony was

not sufficiently corroborated. We address the fourth issue first for it aids in the disposition of the others, and, upon doing so, affirm the judgment.

*Corroboration of Accomplice Testimony*

Corroborating evidence need only tend to connect the accused to the offense, not establish guilt beyond a reasonable doubt. *McDuff v. State,* 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). Moreover, there is no exact rule as to the amount of evidence that is required for corroboration. *Dowthitt v. State,* 931 S.W.2d 244, 249 (Tex. Crim. App. 1996). Instead, each case must be decided upon its own facts and circumstances. *Martinez v. State,* 163 S.W.3d 92, 94 (Tex. App.–Amarillo 2005, no pet.).

The following non-accomplice evidence is found in the record before us. Appellant had a history of soliciting money from individuals, including the burglary victim, at the site of the burglary. Immediately prior to the burglary, appellant indicated that someone who lived at the apartment complex (other than the eventual burglary victim) owed him money. Additionally, appellant was seen by the burglary victim looking into various apartment windows within twenty-four hours of the time the burglary occurred. He also went to the apartment complex shortly before the burglary to collect money allegedly owed to him. He was not only there when the burglary victim left for work but also at or around the time of the burglary. Next, of the various items stolen, one consisted of a black, thin PlayStation II. Shortly after the burglary, appellant pawned, at a nearby pawnbroker, a PlayStation II matching the description of the one stolen. Finally, appellant admitted he was in the company of the accomplice before and after the burglary; in fact, both were captured together on video when the item was pawned.

2

While the accused's presence at the crime scene is by itself insufficient to connect him to the crime, presence coupled with other circumstances may be enough. *Trevino v. State,* 991 S.W.2d 849, 851-52 (Tex. Crim. App. 1999). Here, we have not only presence at the scene and with the accomplice but also motive (*i.e.* appellant's repeated quest for money from those at the apartment complex), opportunity (presence throughout the pertinent times), suspicious activity shortly before the burglary (looking into apartment windows), possession of an item matching the description of one that was stolen, interaction between appellant and the accomplice, and appellant's pawning the item for money. These facts are more than sufficient to tend to connect appellant to the burglary. *See Gill v. State,* 873 S.W.2d 45, 48-49 (Tex. Crim. App. 1994) (finding the non-accomplice evidence sufficient corroboration when it showed 1) that the complainant was robbed by a person or persons, 2) the defendant had the opportunity to commit the robbery because he lived nearby, 3) after the robbery, the defendant acted secretively, 4) the defendant was in the presence of the accomplice after the theft, and 5) the defendant jointly possessed items matching those stolen). The fact that the complainant did not at trial positively identify the pawned Playstation device as his own does not mean the jury could not infer under these facts that it was the same. *See Watson v. State,* 728 S.W.2d 109, 111-12 (Tex. App.–Houston [14[th] Dist.] 1987, no pet.) (finding sufficient corroboration even though no one testified that the dresser in appellant's possession after the theft was the one stolen).

Moreover, the two authorities relied upon by appellant are inapposite. In *Ex parte Zepeda*, 819 S.W.2d 874 (Tex. Crim. App. 1991), the non-accomplice testimony illustrated

3

that Zepeda was "near" the murder scene with a group of people that did not include the decedent, the decedent was shot with a rifle, and Zepeda later tried to sell a rifle to a third party. The connection between the rifle and the murder was established only through accomplice testimony which could not be considered. Moreover, nothing discussed in the opinion suggested that the rifle was of the same make, model or caliber as that used in the killing. The Court of Criminal Appeals found these circumstances to be less than enough to connect appellant to the murder. Similarly, the non-accomplice evidence in *Howard v. State*, 972 S.W.2d 121 (Tex. App.–Austin 1998, no pet.) was found wanting because it simply placed Howard in the room wherein drugs were found to be hidden in a light fixture. Without the accomplice testimony nothing else linked him to those drugs. Like both *Howard* and *Zepeda*, here we have non-accomplice evidence placing appellant near the crime scene before the crime occurred. Yet, unlike those two cases, we also have non-accomplice testimony illustrating motive (*i.e.* appellant's quest for money), preparation (*i.e.* appellant's looking in windows of various apartments), appellant's presence with the accomplice before and after the burglary, appellant's possession of an item actually matching the description of something stolen from the apartment soon after the burglary, and appellant's pawning of the item in exchange for money. These additional factors cannot be ignored and suffice to carry the situation before us over the threshold which could not be cleared in *Howard* and *Zepeda.* Accordingly, we overrule appellant's complaint that the non-accomplice evidence was insufficient to connect him to the burglary.

*Failure to Provide Accomplice Instruction or Request It*

Next, appellant asserts that the trial court erred in omitting an accomplice witness instruction from its charge and that his trial counsel was ineffective because he did not request it. We overrule the contentions.

4

We acknowledge that the trial court erred in omitting the instruction. It had an obligation to provide it irrespective of any requests by counsel. *Howard v. State*, 972 S.W.2d at 126. Similarly, at least one court found it difficult to conceive of a situation wherein reasonably competent counsel could legitimately forego requesting such an instruction as part of some trial strategy. *See id.* Yet, this type of error by the trial court or deficiency by counsel does not *ipso facto* warrant reversal. It still must be shown that harm resulted from the wrong. *Id.*; *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (requiring proof of both deficient performance and prejudice before one can succeed upon a claim of ineffective assistance). Furthermore, the harm emanating from the trial court's omission must be egregious due to counsel's failure to request an instruction, *Howard v. State*, 972 S.W.2d at 126-27, while that arising from the deficient performance must be of a quantum sufficient to create a reasonable probability that the verdict would have differed had the omission not occurred. *Bone v. State,* 77 S.W.3d at 833*.*

As previously addressed, sufficient non-accomplice evidence existed to connect appellant to the burglary. Indeed, it alone could have been enough to warrant conviction. One need only read *Poncio v. State*, 185 S.W.3d 904 (Tex. Crim. App. 2006) to conclude this. There, our Court of Criminal Appeals held that the recent possession of stolen property is enough to support the conviction of the possessor for burglary. *Id.* at 904-05. Here, we have that and more.

Again, the record contained evidence not only placing him at the scene but also revealing his potential motive, preparing to act, recently possessing a PlayStation matching

the description of the stolen PlayStation, hocking the PlayStation, and being in the presence of another of the thieves before and after the burglary.

While no one directly testified that the PlayStation which appellant pawned was the same one that was stolen, we nonetheless have circumstantial evidence sufficient to fill the void. It consisted of the matching descriptions of the item stolen and the item pawned, the close geographic proximity between the pawn shop and the burglary scene, the close temporal proximity between the time of the burglary and the time that appellant pawned the item, appellant's effort to spy into windows, and his ongoing search for funds. These indicia were sufficient to enable one to conclude beyond reasonable doubt that the item pawned was the item stolen.

So, while the testimony from the accomplice witness was informative and cited often by the State, it was not necessarily needed to secure conviction. And, because it was not, the factfinder could have ignored it *in toto* and still rendered the verdict it did. And, because it could have done that, we are unable to say that the trial court's omission caused egregious harm or a reasonable probability existed that the outcome would have differed had the instruction been given. In short, the errors do not warrant reversal.

*Motion for New Trial*

Finally, appellant believes the trial court erred in failing to convene a hearing on his motion for new trial. Elemental to the contention are the omitted accomplice instruction and trial counsel's affidavit wherein he indicated that his failure to request it was not part of any trial strategy. And, because of trial counsel's admission, a hearing allegedly was warranted. We overrule the issue.

6

Whether the trial court erred in failing to conduct an evidentiary hearing depends upon whether it abused its discretion. *Wallace v. State,* 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). That occurs when its decision falls outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). Furthermore, one may be entitled to such a hearing only when the motion and supporting affidavits raise matters not determinable from the existing record and that could entitle the movant to relief. *Rozell v. State,* 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). With these rules in mind, we return to the evidence of record and our previous discussion of it.

Despite counsel's admission, the trial court could have simply reviewed the existing record and reasonably concluded that the instruction would not have resulted in a different outcome. Indeed, we acknowledged as much in our discussion of the prior issues. In short, it could have done much as we did and simply decided that even if there was error there existed little probability that it affected the jury's decision. And, because it could have so decided, we cannot say that it abused its discretion in opting not to hold a hearing on the motion.

All issues having been overruled, the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.