NO. 07-07-0025-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 4, 2008
______________________________

DONNY KEVIN DAVIS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 53,837-E; HON. ABE LOPEZ, PRESIDING
_______________________________

On Motion for Rehearing
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Pending before the court is the motion of Donny Kevin Davis for rehearing. We
withdraw our previous opinion and judgment entered in this cause and substitute the
following in its stead.
Â Â Â Â Â Â Â Â Â Â Davis appeals his conviction for burglarizing a habitation via four issues. He
contends 1) the trial court erred in failing to hold a hearing on his motion for new trial, 2)
the trial court erred in failing to include an accomplice witness instruction in the charge, 3)
he received ineffective assistance of counsel because his counsel failed to request an
accomplice witness instruction, and 4) the accomplice witness testimony was not
sufficiently corroborated. We overrule issues two and four, sustain issue one, stay action
on issue three, and abate and remand the cause for a hearing on appellantâs motion for
new trial.
Â Â Â Â Â Â Â Â Â Â Corroboration of Accomplice Testimony
Â Â Â Â Â Â Â Â Â Â Corroborating evidence need only tend to connect the accused to the offense, not
establish guilt beyond a reasonable doubt. McDuff v. State, 939 S.W.2d 607, 613 (Tex.
Crim. App. 1997). Moreover, there is no exact rule as to the amount of evidence that is
required for corroboration. Dowthitt v. State, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996). 
Instead, each case must be decided upon its own facts and circumstances. Martinez v.
State, 163 S.W.3d 92, 94 (Tex. App.âAmarillo 2005, no pet.). 
Â Â Â Â Â Â Â Â Â Â The following non-accomplice evidence is found in the record before us. Appellant
had a history of soliciting money from individuals, including the burglary victim, at the site
of the burglary. Immediately prior to the burglary, appellant indicated that someone who
lived at the apartment complex (other than the eventual burglary victim) owed him money. 
Additionally, appellant was seen by the burglary victim looking into various apartment
windows within twenty-four hours of the time the burglary occurred. He also went to the
apartment complex shortly before the burglary to collect money allegedly owed to him. He
was not only there when the burglary victim left for work but also at or around the time of
the burglary. Next, of the various items stolen, one consisted of a black, thin PlayStation
II. Shortly after the burglary, appellant pawned, at a nearby pawnbroker, a PlayStation II
matching the description of the one stolen. Finally, appellant admitted he was in the
company of the accomplice before and after the burglary; in fact, both were captured
together on video when the item was pawned. 
Â Â Â Â Â Â Â Â Â Â While the accusedâs presence at the crime scene is by itself insufficient to connect
him to the crime, presence coupled with other circumstances may be enough. Trevino v.
State, 991 S.W.2d 849, 851-52 (Tex. Crim. App. 1999). Here, we have not only presence
at the scene and with the accomplice but also motive (i.e. appellantâs repeated quest for
money from those at the apartment complex), opportunity (presence throughout the
pertinent times), suspicious activity shortly before the burglary (looking into apartment
windows), possession of an item matching the description of one that was stolen,
interaction between appellant and the accomplice, and appellantâs pawning the item for
money. These facts are more than sufficient to tend to connect appellant to the burglary. 
See Gill v. State, 873 S.W.2d 45, 48-49 (Tex. Crim. App. 1994) (finding the non-accomplice evidence sufficient corroboration when it showed 1) that the complainant was
robbed by a person or persons, 2) the defendant had the opportunity to commit the robbery
because he lived nearby, 3) after the robbery, the defendant acted secretively, 4) the
defendant was in the presence of the accomplice after the theft, and 5) the defendant
jointly possessed items matching those stolen). The fact that the complainant did not at
trial positively identify the pawned PlayStation device as his own does not mean the jury
could not infer under these facts that it was the same. See Watson v. State, 728 S.W.2d
109, 111-12 (Tex. App.âHouston [14th Dist.] 1987, no pet.) (finding sufficient corroboration
even though no one testified that the dresser in appellantâs possession after the theft was
the one stolen). 
Â Â Â Â Â Â Â Â Â Â Moreover, the two authorities relied upon by appellant are inapposite. In Ex parte
Zepeda, 819 S.W.2d 874 (Tex. Crim. App. 1991), the non-accomplice testimony illustrated
that Zepeda was ânearâ the murder scene with a group of people that did not include the
decedent, the decedent was shot with a rifle, and Zepeda later tried to sell a rifle to a third
party. The connection between the rifle and the murder was established only through
accomplice testimony which could not be considered. Moreover, nothing discussed in the
opinion suggested that the rifle was of the same make, model, or caliber as that used in
the killing. The Court of Criminal Appeals found these circumstances to be less than
enough to connect appellant to the murder. Similarly, the non-accomplice evidence in
Howard v. State, 972 S.W.2d 121 (Tex. App.âAustin 1998, no pet.) was found wanting
because it simply placed Howard in the room wherein drugs were found to be hidden in a
light fixture. Without the accomplice testimony, nothing else linked him to those drugs. 
Like both Howard and Zepeda, here we have non-accomplice evidence placing appellant
near the crime scene before the crime occurred. Yet, unlike those two cases, we also have
non-accomplice testimony illustrating motive (i.e. appellantâs quest for money), preparation
(i.e. appellantâs looking in windows of various apartments), appellantâs presence with the
accomplice before and after the burglary, appellantâs possession of an item actually
matching the description of something stolen from the apartment soon after the burglary,
and appellantâs pawning of the item in exchange for money. These additional factors
cannot be ignored and suffice to carry the situation before us over the threshold which
could not be cleared in Howard and Zepeda. Accordingly, we overrule appellantâs
complaint that the non-accomplice evidence was insufficient to connect him to the burglary.
Â Â Â Â Â Â Â Â Â Â 
Â 
Â Â Â Â Â Â Â Â Â Â Failure to Provide Accomplice Instruction 
Â Â Â Â Â Â Â Â Â Â Next, appellant asserts that the trial court erred in omitting an accomplice witness
instruction from its charge. We agree that it was error but find the error harmless.
Â Â Â Â Â Â Â Â Â Â The trial court had an obligation to provide the instruction irrespective of any request
by counsel. Howard v. State, 972 S.W.2d at 126. Yet, the harm emanating from the trial
courtâs omission must be egregious due to counselâs failure to request it. Id. at 126-27. 
We conclude here that the trial court did err but that the error did not rise to the level of
egregiousness.
Â Â Â Â Â Â Â Â Â Â As previously addressed, sufficient non-accomplice evidence existed to connect
appellant to the burglary. Indeed, it alone could have been enough to warrant conviction. 
One need only read Poncio v. State, 185 S.W.3d 904 (Tex. Crim. App. 2006) to conclude
this. There, our Court of Criminal Appeals held that the recent possession of stolen
property is enough to support the conviction of the possessor for burglary. Id. at 904-05. 
Here, we have that and more. Again, the record contained evidence not only placing
appellant at the scene but also revealing his quest for money, preparation to act, 
possession of a PlayStation matching the description of the stolen one, pawning the game
console, and being in the presence of another of the thieves before and after the burglary. 
 Â Â Â Â Â Â Â Â Â While no one directly testified that the PlayStation which appellant pawned was the
same one that was stolen, we nonetheless have circumstantial evidence sufficient to fill the
void. It consisted of the matching descriptions of the item stolen and the item pawned, the
close geographic proximity between the pawn shop and the burglary scene, and the close
temporal proximity between the time of the burglary and the time that appellant pawned
the item. These indicia enable one to conclude beyond reasonable doubt that the item
pawned was the item stolen and dispel any notion that omitting the instruction constituted
egregious harm.
Â Â Â Â Â Â Â Â Â Â Ineffective Assistance of Counsel/Failure to Request Accomplice Instruction
Â Â Â Â Â Â Â Â Â Â Appellant again questions the omission from the charge of the accomplice witness
instruction but does so by attacking the quality of his trial counselâs performance. 
Counselâs performance was purportedly defective because he did not ask for the
instruction. Furthermore, appellant raised this contention via a motion for new trial
accompanied by the affidavit of defense counsel. A hearing on the motion was scheduled
by the trial court but later cancelled. This resulted in the motion being overruled by
operation of law. So, according to appellant, both counselâs failure to request the
instruction and the trial courtâs failure to hold a hearing on the matter were reversible. We
agree in part. 
Â Â Â Â Â Â Â Â Â Â Whether the trial court erred in failing to conduct an evidentiary hearing upon a
motion for new trial depends upon whether it abused its discretion. Wallace v. State, 106
S.W.3d 103, 108 (Tex. Crim. App. 2003). Furthermore, one is entitled to such a hearing
only when the motion and supporting affidavits raise matters not discernible from the
existing record and which could entitle the movant to relief. Rozell v. State, 176 S.W.3d
228, 230 (Tex. Crim. App. 2005). With these rules in mind, we turn to the circumstances
before us.
Â Â Â Â Â Â Â Â Â Â Authority exists holding that a reasonably competent attorney could not legitimately
forego requesting an accomplice witness instruction (when warranted by the evidence) as
part of some trial strategy. See Ex parte Zepeda, 819 S.W.2d at 876-77 (holding that the
failure evinced deficient performance). Moreover, appellant attached to his timely motion
for new trial the affidavit of trial counsel wherein counsel admitted that the omission was
not part of some trial strategy. That admission was not discernible from the record
developed at trial, and because it could have entitled appellant to relief in view of Zepeda,
the trial court abused its discretion by not convening an evidentiary hearing on appellantâs
motion. 
Â Â Â Â Â Â Â Â Â Â Accordingly, we overrule issues two and four, sustain issue one, and stay action on
issue three. We also reverse the ruling that implicitly denied (by operation of law)
appellantâs motion for new trial, abate the appeal, and remand the cause to the trial court
with directions that it convene a hearing on appellantâs motion for new trial. See Reyes v.
State, 849 S.W.2d 812, 815-16 (Tex. Crim. App. 1993) (remanding the cause for a hearing
on the appellantâs motion for new trial); Pifer v. State, 893 S.W.2d 109, 112 (Tex.
App.âHouston [1st Dist.] 1995, pet. refâd) (abating and remanding the cause for a hearing
on the claim that the State withheld exculpatory evidence). Once the hearing is held, the
trial court is ordered to execute findings of fact and conclusions of law addressing the claim
of ineffective assistance and cause those findings and conclusions, along with a
transcription of the hearing, to be filed with this court on or before February 15, 2008.



Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice
Â 
Do not publish.



ght:normal'>IN THE
COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL B

Â 

JUNE 15, 2011

__________________________

Â 

SAM
GARZA,  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant

v.

Â 

THE STATE OF
TEXAS,Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

__________________________

Â 

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

Â 

NO. 2008-421,831; HONORABLE QUAY PARKER, PRESIDING

__________________________

Â 

Memorandum Opinion

__________________________

Â 

Before QUINN, C.J., and
CAMPBELL and HANCOCK, JJ.

Â Â Â Â Â Â Â Â Â Â Â  Sam Garza appeals his conviction for
possessing a controlled substance with intent to deliver.Â  Two issues are asserted on appeal.Â  The first involves the effectiveness of his
trial counsel, while the second encompasses the legitimacy of the traffic stop
that initiated the detention during which the drugs were acquired.Â  We affirm the judgment.

Â Â Â Â Â Â Â Â Â Â Â  

Â 

Issue Two -- Traffic Stop

Â Â Â Â Â Â Â Â Â Â Â  We address the last issue
first.Â  Through it, appellant contends
that the officer who detained him lacked probable cause to make the stop.Â  We overrule the issue because, under the
circumstances before us, the existence of probable cause or reasonable suspicion
to support the detention is irrelevant.Â 
Appellant was the subject of one or more outstanding arrest warrants at
the time of the stop and eventual arrest, according to the record.Â  The existence of those warrants purged the
detention of whatever taint that may have existed.Â Â  Fletcher
v. State, 90 S.W.3d 419,
420 (Tex. App. ÂAmarillo 2002, no pet.).

Â Â Â Â Â Â Â Â Â Â Â  Issue One -- Effectiveness of
Counsel

Â Â Â Â Â Â Â Â Â Â Â  Appellant contends that his trial
attorney was ineffective because he did not challenge the inventory search of
the car.Â  The latter was subject to
challenge, according to appellant, since it was not undertaken in conformance
with departmental policy.Â  We overrule
the issue.

Â Â Â Â Â Â Â Â Â Â Â  The stop in question occurred at the
behest of another officer who had just been a witness to a controlled drug buy
via appellant and the officerÂs confidential informant.Â  Immediately after completion of the buy, the
informant informed the officer that appellant had additional drugs in his
vehicle (the latter being the place in which the drug sale happened).Â  This information was imparted to the officer
who eventually detained appellant.Â  Though
we do not necessarily decide the issue, we nevertheless acknowledge that these
circumstances could have led one to believe that probable cause existed to not
only stop and arrest appellant for drug trafficking but also to search the
vehicle for the drugs being sold.Â  See Hereford v. State, 302 S.W.3d
903, 905 (Tex. App.ÂAmarillo 2009), affÂd, No.
PD-0144-10, 2010 Tex. Crim. App. Lexis
730 (Tex. Crim. App. April 6, 2011) (holding that a warrant is not needed to effectuate an
arrest when the crime occurred in the presence of an officer); Campbell v. State, 325 S.W.3d 223, 231
(Tex. App.ÂFort Worth 2010, no pet.) (holding that the existence of probable
cause or reasonable suspicion is not dependent solely upon the information
known to the detaining officer but rather the cumulative knowledge of those
officers involved); Dahlem v. State, 322 S.W.3d 685, 689 (Tex.
App.ÂFort Worth 2010, pet. refÂd) (holding that an
officer need not acquire a search warrant to search for contraband in a vehicle
if there is probable cause to believe that drugs are present in that vehicle); see
e.g., Garcia v. State, 327
S.W.3d 243, 248-49 (Tex. App.ÂSan Antonio 2010, no pet.) (finding probable
cause for a warrantless search of a vehicle when a police officer witnessed a
known credible informant make arrangements for delivery of drugs at his
residence in fifteen minutes, when the officers arrived they observed the
person the informant had called in a vehicle located at the residence, and the
vehicle attempted to drive away).Â  Given
this, trial counsel may have concluded that it would serve little purpose to
question whether any Âinventory searchÂ undertaken by the arresting officers
was legitimate.Â  See Kent
v. State, 982 S.W.2d 639, 641 (Tex. App.ÂAmarillo 1998, pet. refÂd, untimely filed) (holding that an attorney need not
assert a meritless point to be effective); see also Palacios v. State, 319 S.W.3d 68, 75 (Tex. App.ÂSan
Antonio 2010, pet. refÂd) (finding counsel not
ineffective in failing to challenge an inventory search because there was
probable cause to search the vehicle).Â 
And, since the decision to do so or not could fall within the realm of
reasonable trial strategy, and nothing of record discloses what strategies, if
any, motivated trial counsel to do what he did, appellant failed to prove that
his attorney rendered ineffective assistance.[1]Â  Mata v. State, 226 S.W.3d 425, 431 (Tex. Crim. App.
2007) (requiring us to presume that counsel had legitimate strategies for his
actions); Ex parte Niswanger, 335 S.W.3d 611 (Tex. Crim. App. 2011) (stating that the
foregoing presumption cannot generally be overcome absent evidence in the
record of the attorneyÂs reasons for his actions).Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  The
judgment is affirmed.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Brian
Quinn 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Do
not publish.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  











[1]Trial
counsel did include within his motion to suppress the contention that discovery
of the contraband was not pursuant to a legitimate inventory search.Â  However, he apparently opted not to pursue
that ground at the hearing.