NO. 07-07-0025-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 4, 2008

_____

DONNY KEVIN DAVIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 53,837-E; HON. ABE LOPEZ, PRESIDING

_____

*On Motion for Rehearing*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is the motion of Donny Kevin Davis for rehearing. We withdraw our previous opinion and judgment entered in this cause and substitute the following in its stead.

Davis appeals his conviction for burglarizing a habitation via four issues. He contends 1) the trial court erred in failing to hold a hearing on his motion for new trial, 2) the trial court erred in failing to include an accomplice witness instruction in the charge, 3)

he received ineffective assistance of counsel because his counsel failed to request an accomplice witness instruction, and 4) the accomplice witness testimony was not sufficiently corroborated. We overrule issues two and four, sustain issue one, stay action on issue three, and abate and remand the cause for a hearing on appellant's motion for new trial.

*Corroboration of Accomplice Testimony*

Corroborating evidence need only tend to connect the accused to the offense, not establish guilt beyond a reasonable doubt. *McDuff v. State,* 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). Moreover, there is no exact rule as to the amount of evidence that is required for corroboration. *Dowthitt v. State,* 931 S.W.2d 244, 249 (Tex. Crim. App. 1996). Instead, each case must be decided upon its own facts and circumstances. *Martinez v. State,* 163 S.W.3d 92, 94 (Tex. App.–Amarillo 2005, no pet.).

The following non-accomplice evidence is found in the record before us. Appellant had a history of soliciting money from individuals, including the burglary victim, at the site of the burglary. Immediately prior to the burglary, appellant indicated that someone who lived at the apartment complex (other than the eventual burglary victim) owed him money. Additionally, appellant was seen by the burglary victim looking into various apartment windows within twenty-four hours of the time the burglary occurred. He also went to the apartment complex shortly before the burglary to collect money allegedly owed to him. He was not only there when the burglary victim left for work but also at or around the time of the burglary. Next, of the various items stolen, one consisted of a black, thin PlayStation II. Shortly after the burglary, appellant pawned, at a nearby pawnbroker, a PlayStation II matching the description of the one stolen. Finally, appellant admitted he was in the

2

company of the accomplice before and after the burglary; in fact, both were captured together on video when the item was pawned.

While the accused's presence at the crime scene is by itself insufficient to connect him to the crime, presence coupled with other circumstances may be enough. *Trevino v. State,* 991 S.W.2d 849, 851-52 (Tex. Crim. App. 1999). Here, we have not only presence at the scene and with the accomplice but also motive (*i.e.* appellant's repeated quest for money from those at the apartment complex), opportunity (presence throughout the pertinent times), suspicious activity shortly before the burglary (looking into apartment windows), possession of an item matching the description of one that was stolen, interaction between appellant and the accomplice, and appellant's pawning the item for money. These facts are more than sufficient to tend to connect appellant to the burglary. *See Gill v. State,* 873 S.W.2d 45, 48-49 (Tex. Crim. App. 1994) (finding the non-accomplice evidence sufficient corroboration when it showed 1) that the complainant was robbed by a person or persons, 2) the defendant had the opportunity to commit the robbery because he lived nearby, 3) after the robbery, the defendant acted secretively, 4) the defendant was in the presence of the accomplice after the theft, and 5) the defendant jointly possessed items matching those stolen). The fact that the complainant did not at trial positively identify the pawned PlayStation device as his own does not mean the jury could not infer under these facts that it was the same. *See Watson v. State,* 728 S.W.2d 109, 111-12 (Tex. App.–Houston [14th Dist.] 1987, no pet.) (finding sufficient corroboration even though no one testified that the dresser in appellant's possession after the theft was the one stolen).

Moreover, the two authorities relied upon by appellant are inapposite. In *Ex parte Zepeda*, 819 S.W.2d 874 (Tex. Crim. App. 1991), the non-accomplice testimony illustrated that Zepeda was "near" the murder scene with a group of people that did not include the decedent, the decedent was shot with a rifle, and Zepeda later tried to sell a rifle to a third party. The connection between the rifle and the murder was established only through accomplice testimony which could not be considered. Moreover, nothing discussed in the opinion suggested that the rifle was of the same make, model, or caliber as that used in the killing. The Court of Criminal Appeals found these circumstances to be less than enough to connect appellant to the murder. Similarly, the non-accomplice evidence in *Howard v. State*, 972 S.W.2d 121 (Tex. App.–Austin 1998, no pet.) was found wanting because it simply placed Howard in the room wherein drugs were found to be hidden in a light fixture. Without the accomplice testimony, nothing else linked him to those drugs. Like both *Howard* and *Zepeda*, here we have non-accomplice evidence placing appellant near the crime scene before the crime occurred. Yet, unlike those two cases, we also have non-accomplice testimony illustrating motive (*i.e.* appellant's quest for money), preparation (*i.e.* appellant's looking in windows of various apartments), appellant's presence with the accomplice before and after the burglary, appellant's possession of an item actually matching the description of something stolen from the apartment soon after the burglary, and appellant's pawning of the item in exchange for money. These additional factors cannot be ignored and suffice to carry the situation before us over the threshold which could not be cleared in *Howard* and *Zepeda.* Accordingly, we overrule appellant's complaint that the non-accomplice evidence was insufficient to connect him to the burglary.

*Failure to Provide Accomplice Instruction*

Next, appellant asserts that the trial court erred in omitting an accomplice witness instruction from its charge. We agree that it was error but find the error harmless.

The trial court had an obligation to provide the instruction irrespective of any request by counsel. *Howard v. State*, 972 S.W.2d at 126. Yet, the harm emanating from the trial court's omission must be egregious due to counsel's failure to request it. *Id.* at 126-27. We conclude here that the trial court did err but that the error did not rise to the level of egregiousness.

As previously addressed, sufficient non-accomplice evidence existed to connect appellant to the burglary. Indeed, it alone could have been enough to warrant conviction. One need only read *Poncio v. State,* 185 S.W.3d 904 (Tex. Crim. App. 2006) to conclude this. There, our Court of Criminal Appeals held that the recent possession of stolen property is enough to support the conviction of the possessor for burglary. *Id.* at 904-05. Here, we have that and more. Again, the record contained evidence not only placing appellant at the scene but also revealing his quest for money, preparation to act, possession of a PlayStation matching the description of the stolen one, pawning the game console, and being in the presence of another of the thieves before and after the burglary.

While no one directly testified that the PlayStation which appellant pawned was the same one that was stolen, we nonetheless have circumstantial evidence sufficient to fill the void. It consisted of the matching descriptions of the item stolen and the item pawned, the close geographic proximity between the pawn shop and the burglary scene, and the close temporal proximity between the time of the burglary and the time that appellant pawned the item. These indicia enable one to conclude beyond reasonable doubt that the item

pawned was the item stolen and dispel any notion that omitting the instruction constituted egregious harm.

*Ineffective Assistance of Counsel/Failure to Request Accomplice Instruction*

Appellant again questions the omission from the charge of the accomplice witness instruction but does so by attacking the quality of his trial counsel's performance. Counsel's performance was purportedly defective because he did not ask for the instruction. Furthermore, appellant raised this contention via a motion for new trial accompanied by the affidavit of defense counsel. A hearing on the motion was scheduled by the trial court but later cancelled. This resulted in the motion being overruled by operation of law. So, according to appellant, both counsel's failure to request the instruction and the trial court's failure to hold a hearing on the matter were reversible. We agree in part.

Whether the trial court erred in failing to conduct an evidentiary hearing upon a motion for new trial depends upon whether it abused its discretion. *Wallace v. State,* 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). Furthermore, one is entitled to such a hearing only when the motion and supporting affidavits raise matters not discernible from the existing record and which could entitle the movant to relief. *Rozell v. State,* 176 S.W.3d 228, 230 (Tex. Crim. App. 2005). With these rules in mind, we turn to the circumstances before us.

Authority exists holding that a reasonably competent attorney could not legitimately forego requesting an accomplice witness instruction (when warranted by the evidence) as part of some trial strategy. *See Ex parte Zepeda*, 819 S.W.2d at 876-77 (holding that the failure evinced deficient performance). Moreover, appellant attached to his timely motion

6

for new trial the affidavit of trial counsel wherein counsel admitted that the omission was not part of some trial strategy. That admission was not discernible from the record developed at trial, and because it could have entitled appellant to relief in view of *Zepeda*, the trial court abused its discretion by not convening an evidentiary hearing on appellant's motion.

Accordingly, we overrule issues two and four, sustain issue one, and stay action on issue three. We also reverse the ruling that implicitly denied (by operation of law) appellant's motion for new trial, abate the appeal, and remand the cause to the trial court with directions that it convene a hearing on appellant's motion for new trial. *See Reyes v. State*, 849 S.W.2d 812, 815-16 (Tex. Crim. App. 1993) (remanding the cause for a hearing on the appellant's motion for new trial); *Pifer v. State,* 893 S.W.2d 109, 112 (Tex. App.–Houston [1st Dist.] 1995, pet. ref'd) (abating and remanding the cause for a hearing on the claim that the State withheld exculpatory evidence). Once the hearing is held, the trial court is ordered to execute findings of fact and conclusions of law addressing the claim of ineffective assistance and cause those findings and conclusions, along with a transcription of the hearing, to be filed with this court on or before February 15, 2008.


                                         Brian Quinn
                                         Chief Justice


Do not publish.


7