

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-14-00314-CR
## No. 10-14-00315-CR

**LAMARCOS RASHUN LIGGINS,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**


_____


**From the 278th District Court
Walker County, Texas
Trial Court Nos. 26457 and 26459**

_____

## MEMORANDUM  OPINION

_____

Appellant LaMarcos Rashun Liggins pleaded guilty pursuant to a plea agreement to two burglaries of a habitation.  *See* TEX. PENAL CODE ANN. § 30.02 (West 2011).  The trial court deferred an adjudication of guilt and placed Liggins on community supervision for ten years.  The State later moved to proceed to an adjudication of guilt.  The amended motion in each case alleged that Liggins violated his conditions of community supervision by, among other things, committing a new

burglary offense and violating his curfew. Liggins pled "not true" to all of the allegations. The trial court found that Liggins did violate his conditions of community supervision by committing a new burglary and by violating his curfew. Accordingly, the trial court adjudicated Liggins guilty and sentenced him to fifteen years' imprisonment in each case, to be served concurrently.

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), Liggins's court-appointed appellate counsel filed a brief and motion to withdraw, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders*; it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Liggins's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on Liggins;

and (3) informed Liggins of his right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also Schulman*, 252 S.W.3d at 409 n.23.

Liggins has filed a pro se response that raises two issues.[2]  In his first issue, Liggins contends that he received ineffective assistance of counsel because his counsel failed to comply with his request to perform an independent investigation by contacting certain witnesses, to investigate the scene of the alleged crime, to comply with his request to retrieve his cell phones that were confiscated during his arrest,[3] and to adequately cross-examine the State's witnesses.  To overcome the strong presumption that counsel's actions and decisions were reasonably professional and motivated by sound trial strategy, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  When the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective would require impermissible speculation by the appellate court.  *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (citing *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim.

---

[1] The Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'"  *Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

[2] Liggins's counsel states in his motion to withdraw that he provided Liggins a copy of the appellate record, and Liggins's pro se response cites to the record.

[3] Liggins asserts that the cell phones contained exculpatory evidence.

App. 1994)). The record is silent in this case as to trial counsel's reasons for his actions and decisions. To conclude that trial counsel was ineffective would therefore call for speculation, which we will not do. *See Jackson*, 877 S.W.2d at 771; *Gamble*, 916 S.W.2d at 93. Liggins's complaint about ineffective assistance of counsel is not an arguable ground to advance in this appeal.

In his second issue, Liggins contends that the trial court abused its discretion in revoking his community supervision because the State failed to meet its burden of proof in showing that he violated conditions of his community supervision. In a hearing on a motion to revoke community supervision, the State must prove by a preponderance of the evidence that a defendant violated the terms of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006).

Liggins first complains that the State failed to prove that he committed a new burglary because he has not been convicted of a new crime and because the State presented no physical evidence placing him inside the residence that was burglarized. But a defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary. *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006). Here, Liggins conceded in his closing argument that he was "found in recent, unexplained possession of stolen property." And three witnesses each testified that the property identified as being in Liggins's possession was taken from their residence without permission on the night in question. Our review of the record therefore reveals that the evidence presented at the revocation hearing was sufficient to prove by a preponderance of the evidence that

Liggins committed the new burglary offense. Liggins also complains that the State failed to prove that he violated his curfew, but if the State's proof is sufficient to prove any one of the alleged community supervision violations, the revocation should be affirmed. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). Liggins's complaint about the sufficiency of the evidence is therefore not an arguable ground to advance in this appeal.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). We have reviewed the entire record, counsel's brief, and Liggins's pro se response and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, the judgment of the trial court is affirmed.

In accordance with *Anders*, Liggins's attorney has asked this Court for permission to withdraw as counsel for Liggins. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see also Schulman*, 252 S.W.3d at 408 n.17 (quoting *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing

the appellate court that the appeal is frivolous.")).  We grant counsel's motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Liggins and to advise him of his right to file a petition for discretionary review.[4]  *See* TEX. R. APP. P. 48.4; *see also Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


        REX D. DAVIS
        Justice


Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Affirmed
Opinion delivered and filed April 23, 2015
Do not publish
[CR25]



---

[4] No substitute counsel will be appointed.  Should Liggins wish to seek further review of this case by the Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of this opinion or from the date the last timely motion for rehearing was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals.  *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.  *See id.* at R. 68.4; *see also Schulman*, 252 S.W.3d at 409 n.22.