IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NO. PD-386-05




 


DAVID GUZMAN PONCIO, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Hervey, J., delivered the opinion for a unanimous Court.



O P I N I O N 



 Appellant was convicted of burglary of a habitation. (1) The evidence shows that someone
entered the victim's home without the victim's consent and stole two guitars. The victim testified
that he left his home at around 10:00 a.m. When he returned home between 11:00 a.m. and 11:30
a.m., he discovered that someone forcibly entered his home and stole the guitars. Appellant pawned
the guitars at a pawnshop less than a mile away from the victim's home at 10:29 a.m.

 On direct appeal, the Court of Appeals decided that the evidence is legally sufficient to
support appellant's conviction because the jury could infer from the evidence, including appellant's
unexplained possession of the recently stolen guitars, that appellant was guilty of the burglary
offense beyond a reasonable doubt. See Poncio v. State, No. 01-02-1174-CR, slip op. at 3-4 (Tex.
App.-Houston [1st Dist], delivered December 2, 2004) (not designated for publication). We
exercised our discretionary authority to review this decision. The ground upon which we granted
discretionary review states:

 Whether the Court of Appeals ignored the elements of entry when denying the
petitioner's appeal on the basis of legal insufficiency in a burglary?


 Appellant argues that our case law permitting an inference of guilt in some theft cases from
a defendant's unexplained possession of recently stolen property does not apply to burglary cases. (2) 
He claims that, without this inference, the evidence is insufficient to support a finding that he entered
the victim's home.

 The rule in this and most, if not all, jurisdictions seems well settled that, in cases like this,
a defendant's unexplained possession of property recently stolen in a burglary permits an inference
that the defendant is the one who committed the burglary. See Willis v. State, 55 S.W. 829
(Tex.Cr.App. 1900) (unexplained possession of recently stolen property is sufficient to connect a
defendant with the taking of the property from the burglarized house, and therefore sufficient to
connect the defendant with the burglary); see also Dove v. State, 402 S.W.2d 913, 915 (Tex.Cr.App.
1966) (defendant's unexplained possession of recently stolen property in apartment that defendant
shared with someone whom jury could have concluded was physically incapable of committing the
offense sufficient to support defendant's burglary conviction); State v. Rice, 144 P. 1016, 1017 (Kan.
1914) ("weight of authority is that proof that a burglary was committed, and that goods were then
and there stolen, and shortly thereafter found in the possession of the accused, will sustain a
conviction"); Wade R. Habeeb, Annotation, What Amounts To "Exclusive" Possession Of Stolen
Goods To Support Inference Of Burglary Or Other Felonious Taking, 51 A.L.R. 3d 727 (1973) and
at 200 (2005 Supp.); compare White v. United States, 300 A.2d 716, 718-20 (D.C. 1973) (inference
not permitted absent independent evidence of a burglary).

 We reaffirm the application of this rule in cases like this. See Dove, 402 S.W.2d at 913, 915;
Willis, 55 S.W. at 829. Appellant's exclusive and unexplained possession of property recently stolen
in a burglary in conjunction with the fact that he pawned the property very close to the burgled home
are sufficient to support his burglary of a habitation conviction.

 The judgment of the Court of Appeals is affirmed.


 Hervey, J.

Filed: February 15, 2006

Publish


1. See Tex. Pen. Code, § 30.02(a)(1), (person commits burglary if, without the owner's
consent, the person enters a habitation with the intent to commit theft).
2. Compare Chavez v. State, 843 S.W.2d 586, 587-88 (Tex.Cr.App. 1992) (decisional law "has
long permitted the conviction of a person for theft if the evidence shows him to have been found in
possession of recently stolen property without offering an explanation inconsistent with guilt when
first called upon directly or circumstantially to do so"); Hardesty v. State, 656 S.W.2d 73, 76-77
(Tex.Cr.App. 1983) (unexplained possession of recently stolen property permits an inference of guilt
for the offense of theft); Rogers v. State, 929 S.W.2d 103, 108 (Tex.App.-Beaumont 1996, no pet.)
(when there is independent evidence of a burglary, the unexplained personal possession of recently
stolen property will support an inference of guilt of the offense in which the property was stolen).