COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

                                        NO.
2-06-124-CR

 

 

JOHN RAY HERNANDEZ                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

A jury convicted Appellant
John Ray Hernandez of burglary of a habitation, and the trial court sentenced
him to twenty-five years= confinement
in the Institutional Division of the Texas Department of Criminal Justice.  In two points, Appellant contends that the
evidence is legally and factually insufficient to support his conviction.  Because we hold that the evidence is legally
and factually sufficient, we affirm the trial court=s judgment.








The evidence shows that an
off-duty police officer awoke one spring morning about 7:45 a.m. to noises
coming from outside the bedroom window of his duplex.  When he went outside to investigate, he saw a
man remove shards of glass from the rear window of the other half of the duplex
and then enter the home through the broken window.  The police officer knew the occupant of the
other half of the duplex and that she would have already left for work.  He went inside his home to report the
burglary to the police on duty and quickly returned to the backyard, this time
carrying his radio and gun, where he met the burglar face-to-face after the
burglar exited his neighbor=s home.  The burglar said, AOh, shit,@ dropped the
duffel bag he was carrying, and ran away through a field behind the duplex.








The off-duty police officer
notified the police of the direction in which the suspect had fled and gave a
general description of him.  Within about
thirty minutes, an officer on duty picked up a man matching the description
about a block away from the duplex.  The
off-duty officer, who had heard on his police radio that a suspect had been
detained, drove over to the scene of the arrest and identified the man as the
person he had seen at his neighbor=s window and later leaving her home. 
At trial, the off-duty police officer also identified the man,
Appellant, as the person he had seen at his neighbor=s window, as the person he had seen leaving his neighbor=s home, and as the person he had previously identified to the police.

The complainant testified
that she had not given anyone permission to enter her home or remove things
from it, that she did not know Appellant, and that the items discovered in the
duffel bag and the duffel bag itself belonged to her or her brother.








Appellant contends that the
complainant=s testimony
that she had not given consent for anyone to enter her residence and remove
property is insufficient to prove that she did not give him permission.  He also points to the absence of fingerprint
evidence tying him to the crime as well as the fact that no stolen property was
found on him.  Appellant=s choice of entryCa newly broken windowCis itself evidence of the complainant=s lack of consent for his entry.[2]  Further, a jury could properly conclude that
the absence of fingerprint evidence, given the fact that Appellant was caught
red-handed by a police officer, did not tend to exonerate him.[3]  Finally, even though Appellant was not
apprehended with the stolen items, he was seen dropping them.[4]

Accordingly, based upon the
applicable standards of review,[5]
we hold that the evidence is legally and factually sufficient to support
Appellant=s conviction
for burglary of a habitation, overrule his two points, and affirm the trial
court=s judgment.

PER CURIAM

PANEL F:    DAUPHINOT, J.; CAYCE,
C.J.; and LIVINGSTON, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)








DELIVERED: 
March 1, 2007











[1]See Tex. R.
App. P. 47.4.





[2]See, e.g., Patrick v. State,
906 S.W.2d 481, 487 (Tex. Crim. App. 1995) (holding that window that had been
forced open was evidence of lack of consent), cert. denied, 517 U.S.
1106 (1996); see also Prescott v. State, 610 S.W.2d 760, 763 (Tex. Crim.
App. 1981) (holding that lack of consent may be proven by circumstantial
evidence).





[3]See Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997) (pointing out that we do not reweigh the evidence); Butler v.
State, 736 S.W.2d 668, 671 (Tex. Crim. App. 1987) (A[T]he lack of appellant's
fingerprints on the alleged murder weapon does not tend to prove that someone
other than appellant had wielded the knife.@).





[4]See Poncio v. State, 185 S.W.3d 904, 905 (Tex. Crim.
App. 2006) (A[A] defendant=s unexplained possession of
property recently stolen in a burglary permits an inference that the defendant
is the one who committed the burglary.@).





[5]See
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (both
providing legal sufficiency standard of review); Watson v. State, 204
S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006); Drichas v. State, 175
S.W.3d 795, 799 (Tex. Crim. App. 2005); Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); Johnson v.
State, 23 S.W.3d 1, 8-9, 11-12 (Tex. Crim. App. 2000); Cain, 958
S.W.2d at 407 (all providing factual sufficiency standard of review).