

# NUMBER 13-10-00302-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

**JOSE GUTIERREZ,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                   **Appellee.**

_____

**On appeal from the 214th District Court
of Nueces County, Texas**

_____

## MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes
Memorandum Opinion by Justice Perkes**

A jury convicted appellant, Jose Gutierrez, of the offense of burglary of a habitation. *See* TEX. PENAL CODE § 30.02 (West 2003). The trial court assessed punishment at five years confinement in the Institutional Division of the Texas Department of Criminal Justice. In a single issue, Gutierrez contends the evidence is legally insufficient to establish that he committed the offense of burglary of a habitation. We affirm.

# I. BACKGROUND

## A. State's Evidence

The complainant, Ruperto Garcia ("Mr. Garcia") testified that around 2:00 or 2:30 a.m. on March 20, 2010, he arrived home to find his home being burglarized. Mr. Garcia saw Marvin Sanchez[1] and Gutierrez exit his home, and enter into a Toyota pickup truck which was parked in front of the house. Mr. Garcia saw that Gutierrez was carrying some DVDs and saw him place them in the back of the Toyota pickup truck. Mr. Garcia followed the truck for a few blocks, obtained the license plate number, and returned home to call the police. Mr. Garcia reported to the police that his house was burglarized and told the police the truck's license plate number. Mr. Garcia testified that his bedroom window had been opened, the blinds were scattered, property was strewn throughout the house, and that he saw some DVDs in the front yard. Mr. Garcia testified that even though the light switch remained on, it was apparent that the light bulb in the front porch was unscrewed to an off position because a child's chair was placed directly beneath it to serve as a step stool to reach the bulb. Mr. Garcia testified that some of the property missing from his house included a laptop computer, a DVD player, and several DVDs, including "*Dora, the Explorer.*"

The police department issued a dispatch regarding the burglary and gave a description of the Toyota pickup truck and its license plate number. Officer Lee Galloway responded to the dispatch and drove to Mr. Garcia's residence. Officer Galloway testified that he found some DVDs in Mr. Garcia's yard. He further testified that a bedroom window was halfway open and that the porch light was off, with a chair underneath it.

---

[1] Marvin Sanchez was also indicted for this offense, but was not tried together with appellant.

Officer Gabe Garcia testified that he responded to the dispatch by driving to 129 Mohawk, the residence where the truck was registered. Upon arrival, Officer Garcia shined a spot light on a Toyota pickup truck and confirmed the license plate matched the license plate number identified in the police dispatch. Officer Garcia saw Gutierrez exit the truck's passenger side with an object in his hand and hide behind a brick pillar. He ordered Gutierrez to move from behind the pillar, after which he was handcuffed. Officer Garcia testified that Officer Galloway told him that some children's DVDs were stolen from Mr. Garcia's home. Officer Garcia looked inside the Toyota pickup truck and saw a child's DVD entitled "*Dora, the Explorer,*" inside the truck. Thereafter, Mr. Garcia identified Gutierrez during a field identification as one of the men he saw burglarizing his home, and stated that Gutierrez was wearing the same clothing as he did when he saw Gutierrez leaving his home.

Detective Trujillo testified during cross-examination that Marvin Sanchez, the other person identified by Mr. Garcia on the night of the burglary, stated Gutierrez was involved in the burglary.

## B. Defendant's Evidence

Gutierrez did not testify at trial. Gutierrez's grandmother, with whom he lives, testified that Gutierrez was home at the time of the burglary. Officer Garcia testified on cross-examination that he did not check the Toyota pickup truck to see if it had been recently driven. Officer Kelly Martinez testified on cross-examination that no elimination fingerprints were taken. Mr. Garcia testified on cross-examination that he was burglarized about two and a half weeks prior to this incident, and that he had concluded Gutierrez was involved in that burglary.

## II.  STANDARD OF REVIEW

When reviewing legal sufficiency, the court must ask itself whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt— not whether *it* believes the evidence establishes the verdict beyond a reasonable doubt.  *Jackson v. Virginia,* 443 U.S. 307, 318–19 (1979). The jury is the sole judge of a witness's credibility and the weight to be given the testimony.  *Lancon v. State,* 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).  The reviewing court should not act as a thirteenth juror that substitutes its own opinion of the credibility and weight of the evidence for that of the fact-finder's.  *See Brooks v. State,* 323 S.W.3d 893, 905 (Tex. Crim. App. 2010).  Instead, the reviewing court must resolve inconsistencies in testimony in favor of the verdict and then ask whether a rational trier of fact could have found the elements of the crime beyond a reasonable doubt.  *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

To measure legal sufficiency, we use the elements of the offense as defined by a hypothetically correct jury charge.  *Villarreal v. State,* 286 S.W.3d 321, 327 (Tex. Crim. App. 2009).  Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*  A person commits the offense of burglary if, without the effective consent of the owner, he or she enters a habitation with intent to commit theft. TEX. PENAL CODE ANN. § 30.02 (a)(1) (West 2003).

It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing the guilt of the

actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Kuciemba v. State,* 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). A fact-finder may support its verdict with reasonable inferences drawn from the evidence, and it is up to the fact-finder to decide which inference is most reasonable. *Laster v. State,* 275 S.W.3d 512, 523 (Tex. Crim. App. 2009). The State may show entry by circumstantial evidence or inference. *Gilbertson v. State,* 563 S.W.2d 606, 608–09 (Tex. Crim. App. 1978).

### III. ANALYSIS

Mr. Garcia identified Gutierrez as one of the two persons that he saw leaving his house in the early morning hours of March 20, 2010. He described the vehicle and license plate number. Officer Garcia identified Gutierrez as the person who exited the described Toyota pickup truck that he saw at Gutierrez's grandmother's home, and who immediately hid behind a brick pillar. An eyewitness's testimony identifying the defendant is sufficient, standing alone, to support the conviction. *See Aguilar v. State,* 468 S.W.2d 75, 77 (Tex. Crim. App. 1971). Further, the defendant's hiding and efforts to avoid apprehension immediately after the offense likewise create an inference of guilt. *See Hernandez v. State,* 939 S.W.2d 173, 178 (Tex. Crim. App. 1997); *Burks v. State*, 876 S.W.2d 877, 888 (Tex. Crim. App. 1994), *cert. denied*, 513 U.S. 1114 (1995).

Additionally, Mr. Garcia reported he was missing, among other things, a children's DVD entitled *"Dora, the Explorer."* A copy of this DVD was found in the Toyota pickup truck. Gutierrez provided no explanation for his possession of this DVD. A defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary. *Rollerson v. State,* 227 S.W.3d 718,

5

725 (Tex. Crim. App. 2007) (citing *Poncio v. State,* 185 S.W.3d 904, 905 (Tex. Crim. App. 2006)).  A fact finder is entitled to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial.  *Hooper v. State,* 214, S.W.3d 9, 15 (Tex. Crim. App. 2007).

With respect to Gutierrez's alibi witness, the jury, as the trier of fact, is the sole judge of the credibility of the witnesses and of the strength of the evidence.  *Fuentes v. State,* 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may choose to believe or disbelieve any portion of the witnesses' testimony.  *Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  We presume that the trier of fact resolved conflicts in favor of conviction.  *Turro v. State,* 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  In reviewing all of the evidence presented at trial in the light most favorable to the verdict, we find that it proves beyond a reasonable doubt that Gutierrez committed the crime for which the jury found him guilty.  We overrule the sole issue for review.

## III.  CONCLUSION

We affirm the trial court's judgment.

_____
GREGORY T. PERKES
Justice

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of August, 2011.