NUMBER 13-10-00302-CR

 

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI—EDINBURG

____________________________________________________

 

JOSE
GUTIERREZ,                                                                       Appellant,

 



v.

 

THE STATE OF TEXAS,                                                               Appellee.

 



 

On appeal from the 214th District Court

of Nueces County, Texas

____________________________________________________

 

MEMORANDUM OPINION

 

Before Justices Benavides, Vela, and Perkes

Memorandum Opinion by Justice Perkes

 

          A jury convicted appellant,
Jose Gutierrez, of the offense of burglary of a habitation.  See Tex. Penal Code § 30.02 (West 2003).  The
trial court assessed punishment at five years confinement in the Institutional
Division of the Texas Department of Criminal Justice.  In a single issue,
Gutierrez contends the evidence is legally insufficient to establish that he
committed the offense of burglary of a habitation.  We affirm.

I.  BACKGROUND

            A. 
State’s Evidence  

The complainant, Ruperto Garcia (“Mr.
Garcia”) testified that around 2:00 or 2:30 a.m. on March 20, 2010, he arrived
home to find his home being burglarized.  Mr. Garcia saw Marvin Sanchez[1] and Gutierrez
exit his home, and enter into a Toyota pickup truck which was parked in front
of the house.  Mr. Garcia saw that Gutierrez was carrying some DVDs and saw him
place them in the back of the Toyota pickup truck.  Mr. Garcia followed the
truck for a few blocks, obtained the license plate number, and returned home to
call the police.  Mr. Garcia reported to the police that his house was
burglarized and told the police the truck’s license plate number.  Mr. Garcia
testified that his bedroom window had been opened, the blinds were scattered,
property was strewn throughout the house, and that he saw some DVDs in the
front yard.  Mr. Garcia testified that even though the light switch remained
on, it was apparent that the light bulb in the front porch was unscrewed to an
off position because a child’s chair was placed directly beneath it to serve as
a step stool to reach the bulb.  Mr. Garcia testified that some of the property
missing from his house included a laptop computer, a DVD player, and several
DVDs, including “Dora, the Explorer.”  

The police department issued a dispatch
regarding the burglary and gave a description of the Toyota pickup truck and
its license plate number.  Officer Lee Galloway responded to the dispatch and
drove to Mr. Garcia’s residence.  Officer Galloway testified that he found some
DVDs in Mr. Garcia’s yard. He further testified that a bedroom window was
halfway open and that the porch light was off, with a chair underneath it. 

Officer Gabe Garcia testified that he
responded to the dispatch by driving to 129 Mohawk, the residence where the
truck was registered.  Upon arrival, Officer Garcia shined a spot light on a
Toyota pickup truck and confirmed the license plate matched the license plate
number identified in the police dispatch.  Officer Garcia saw Gutierrez exit
the truck’s passenger side with an object in his hand and hide behind a brick
pillar.  He ordered Gutierrez to move from behind the pillar, after which he
was handcuffed.  Officer Garcia testified that Officer Galloway told him that
some children’s DVDs were stolen from Mr. Garcia’s home.  Officer Garcia looked
inside the Toyota pickup truck and saw a child’s DVD entitled “Dora, the
Explorer,” inside the truck.  Thereafter, Mr. Garcia identified Gutierrez
during a field identification as one of the men he saw burglarizing his home,
and stated that Gutierrez was wearing the same clothing as he did when he saw
Gutierrez leaving his home.

Detective Trujillo testified during
cross-examination that Marvin Sanchez, the other person identified by Mr.
Garcia on the night of the burglary, stated Gutierrez was involved in the
burglary. 

            B. 
Defendant’s Evidence

            Gutierrez did not testify at trial. Gutierrez’s
grandmother, with whom he lives, testified that Gutierrez was home at the time
of the burglary.  Officer Garcia testified on cross-examination that he did not
check the Toyota pickup truck to see if it had been recently driven.  Officer Kelly
Martinez testified on cross-examination that no elimination fingerprints were
taken. Mr. Garcia testified on cross-examination that he was burglarized about
two and a half weeks prior to this incident, and that he had concluded
Gutierrez was involved in that burglary.    

II.  STANDARD OF REVIEW

When reviewing legal sufficiency,
the court must ask itself whether, after reviewing the evidence in
the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt—
not whether it believes the evidence
establishes the verdict beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 318–19 (1979). The jury is
the sole judge of a witness's credibility and the weight to be given the
testimony.  Lancon v. State, 253 S.W.3d 699, 707 (Tex. Crim. App.
2008).  The reviewing court should not act as a
thirteenth juror that substitutes its own opinion of the credibility and weight
of the evidence for that of the fact-finder's.  See Brooks v. State, 323 S.W.3d 893, 905
(Tex. Crim. App. 2010).  Instead, the reviewing
court must resolve inconsistencies in testimony in favor of the verdict and
then ask whether a rational trier of fact could have found the elements of the
crime beyond a reasonable doubt.  Curry v. State, 30 S.W.3d 394,
406 (Tex. Crim. App. 2000).  

            To measure legal sufficiency, we
use the elements of the offense as defined by a hypothetically correct jury
charge.  Villarreal v. State, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009).  Such a charge is one that accurately sets out the law,
is authorized by the indictment, does not unnecessarily increase the State's
burden of proof or unnecessarily restrict the State's theories of liability,
and adequately describes the particular offense for which the defendant was
tried. Id.  A person commits the
offense of burglary if, without the effective consent of the owner, he or she
enters a habitation with intent to commit theft.  Tex. Penal Code Ann. § 30.02 (a)(1)
(West 2003).  

It is not necessary that the
evidence directly prove the defendant's guilt; circumstantial
evidence is as probative as direct evidence in
establishing the guilt of the actor, and circumstantial evidence
alone can be sufficient to establish guilt.  Hooper v. State, 214 S.W.3d 9, 13
(Tex. Crim. App. 2007); Kuciemba v.
State, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010).
 A fact-finder may support its verdict with reasonable inferences drawn from
the evidence, and it is up to the fact-finder to
decide which inference is most reasonable.  Laster v. State, 275 S.W.3d 512,
523 (Tex. Crim. App. 2009).  The State may show entry by circumstantial
evidence or inference.  Gilbertson v. State, 563 S.W.2d 606, 608–09
(Tex. Crim. App. 1978).  

III. ANALYSIS

Mr. Garcia identified Gutierrez as one of
the two persons that he saw leaving his house in the early morning hours of
March 20, 2010.  He described the vehicle and license plate number.  Officer
Garcia identified Gutierrez as the person who exited the described Toyota
pickup truck that he saw at Gutierrez’s grandmother’s home, and who immediately
hid behind a brick pillar.  An eyewitness’s testimony identifying the defendant
is sufficient, standing alone, to support the conviction.  See Aguilar v.
State, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971).  Further, the defendant’s
hiding and efforts to avoid apprehension immediately after the offense likewise
create an inference of guilt.  See Hernandez v. State, 939 S.W.2d 173,
178 (Tex. Crim. App. 1997); Burks v. State, 876 S.W.2d 877, 888 (Tex. Crim. App.
1994), cert. denied, 513 U.S. 1114 (1995).

Additionally, Mr. Garcia reported he was
missing, among other things, a children’s DVD entitled “Dora, the
Explorer.”  A copy of this DVD was found in the Toyota pickup truck. 
Gutierrez provided no explanation for his possession of this DVD.  A
defendant’s unexplained possession of property recently stolen in a burglary
permits an inference that the defendant is the one who committed the burglary. 
Rollerson v. State, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007) (citing Poncio
v. State, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006)).  A fact finder is
entitled to draw multiple reasonable inferences as long as each inference is
supported by the evidence presented at trial.  Hooper v. State, 214,
S.W.3d 9, 15 (Tex. Crim. App. 2007).    

With respect to Gutierrez’s alibi witness,
the jury, as the trier of fact, is the sole judge of the credibility of the
witnesses and of the strength of the evidence.  Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim.
App. 1999).  The jury may choose to believe or disbelieve any portion of the
witnesses’ testimony.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986).  We presume that the trier of fact resolved
conflicts in favor of conviction.  Turro v.
State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  In reviewing all
of the evidence presented at trial in the light most favorable to the verdict,
we find that it proves beyond a reasonable doubt that Gutierrez committed the
crime for which the jury found him guilty.  We overrule the sole issue for
review.

III.  CONCLUSION

            We affirm the trial court’s judgment.   

                                                                                    ______________________________

                                                                                    Gregory T. Perkes

                                                                                    Justice

 

Do not publish.  See Tex.
R. App. P. 47.2(b).

Delivered and filed the   

22nd day of August, 2011.               

 









[1] Marvin Sanchez was also indicted for this offense,
but was not tried together with appellant.