**AFFIRM; and Opinion Filed May 8, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00545-CR

### JOSHUA JAY ORTIZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1359238-T**

## MEMORANDUM OPINION
Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Schenck

A jury convicted Joshua Jay Ortiz of burglary of a habitation, and the trial court assessed punishment at twenty-five years' incarceration. In a single issue, appellant challenges the sufficiency of the evidence to support his conviction. We affirm. Because all issues are settled in law, we issue this memorandum opinion. TEX. RS. APP. P. 47.2(a), 47.4.

### BACKGROUND

An intruder broke into the Wear family's home and removed items including an iPad, a jewelry box, and cosmetics. The Wear children, ages eleven and thirteen, were home alone. Both children testified that they heard two knocks on the front door followed by a loud banging. They wisely escaped the house through a window and ran to a neighbor's house to seek help. Neither child saw the intruder. The neighbor called 911.

Officer Jeremy Johnson promptly responded to the 911 call. Shortly after arriving at the scene, Johnson saw appellant, carrying a full black trash bag, walking down the street. Johnson drove up to appellant and asked to speak with him. Appellant replied, "I don't have to talk to you. I didn't do [expletive]." Appellant then fled across Harry Hines Boulevard, dropping the bag in the process. Officer Shane Voss retrieved the bag from the street. Appellant was apprehended by Officer Melanie Evans after a chase on foot through Brookhollow Country Club. Evans testified that appellant had removed his shirt while attempting to run from the police.

The police inventoried the items in the black trash bag. The Wears identified the items in the bag as belonging to them. One of the children and her mother Lorena Weir testified that their front door had been broken down and that someone had gone through the drawers in their home.

## STANDARD OF REVIEW

We review a challenge to the sufficiency of the evidence under the standard set out in *Jackson v. Virginia,* 443 U.S. 307 (1979). *Matlock v. State,* 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). In conducting our review, we consider all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319; *Matlock,* 392 S.W.3d at 667. This standard recognizes the "responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson,* 443 U.S. at 319. The jury, as finder of fact, is the sole judge of the credibility of the witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). We may not re-evaluate the weight and credibility of the record evidence and thereby substitute our judgment for that of the fact finder. *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Evidence is sufficient if "the inferences necessary to establish guilt

are reasonable based on the cumulative force of all the evidence when considered in the light most favorable to the verdict." *See Wise v. State,* 364 S.W.3d 900, 903 (Tex. Crim. App. 2012); *see also Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). On appeal, the same standard of review is used for both circumstantial and direct evidence cases. *Hooper*, 214 S.W.3d at 13.

### DISCUSSION

To obtain a conviction for burglary of a habitation, the State was required to prove beyond a reasonable doubt that: (1) appellant; (2) entered a habitation; (3) without the effective consent of the Wears; (4) in order to commit or attempt to commit a theft. *See* TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011). Appellant argues there was no direct evidence that he entered the Wears' home. He also contends there was insufficient circumstantial evidence to prove his commission of the burglary "because none of it properly warrants an inference of guilt."

Appellant correctly points out that no one saw him entering, in, or leaving the Wears' home. He argues that because the Wears' home is close to Harry Hines Boulevard, where there are a number of commercial businesses, his presence in the area was not significant. However, appellant (1) was seen, by a police officer responding immediately to the 911 call at the Wears' home, walking away with a large black trash bag; (2) refused to stop and answer questions from the officer; (3) fled from the officer; (4) dropped the bag, which when retrieved by another police officer, was determined to contain the Wears' stolen items; (5) took off his shirt while fleeing; and (6) offered no explanation for his possession of the property. The State argues that all of these circumstances warrant inferences of guilt.

Burglary may be proven solely through circumstantial evidence. *See, e.g., Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006). A defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant committed the

–3–

burglary if it is established that the possession was personal, recent, and unexplained, and that the defendant made a distinct and conscious assertion of the right to the property. *Rollerson v. State*, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007); *Sutherlin v. State*, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984). Further, a defendant's attempt to flee from law enforcement, while not alone sufficient to support a conviction, is a circumstance from which an inference of guilt may be drawn. *Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim. App. 1979). Appellant contends that his "momentary possession" of the bag of stolen goods does not warrant an inference of guilt. He contends that because he discarded the bag containing the Wears' property on a public street "almost immediately," he made no distinct and conscious assertion of right to the property, ignoring that he dropped the stolen property in the act of fleeing Officer Johnson. In combination with his other actions, however, including his unprompted denial of wrongdoing and his statement that he need not explain anything to the police, and considering the short period of time between the burglary and appellant's possession of the property, there was sufficient evidence from which the jury could find, beyond a reasonable doubt, that appellant committed the burglary. *See, e.g., Naranjo v. State*, 217 S.W.3d 560, 571 (Tex. App.—San Antonio 2006, no pet.) (generally, shorter interval between theft and possession supports stronger inference that defendant committed burglary).

### CONCLUSION

Reviewing all of the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found beyond a reasonable doubt that appellant entered the Wears' home with the intent to commit or attempt to commit theft. *See* TEX. PENAL CODE ANN. § 30.02(a)(3); *Jackson,* 443 U.S. at 319; *Matlock,* 392 S.W.3d at 667. Thus, the evidence is sufficient to support the conviction. We overrule appellant's sole issue.

–4–

We affirm the trial court's judgment.

/David J. Schenck/

DAVID J. SCHENCK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

140545F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSHUA JAY ORTIZ, Appellant

No. 05-14-00545-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1359238-T.
Opinion delivered by Justice Schenck,
Justices Lang and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of May, 2015.