

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00167-CR

VICTOR W. HILL                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                             STATE

----------

## FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1335688D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Victor W. Hill of burglary of a habitation, and the trial court sentenced him to sixty years' confinement as a repeat offender. Appellant brings two issues, challenging the sufficiency of the evidence of entry and of mens rea and arguing that the trial court reversibly erred by failing to hold a "formal hearing on competency." Because the evidence at trial was sufficient

---

[1]*See* Tex. R. App. P. 47.4.

to support the jury's verdict, and because the trial court committed no reversible error, we affirm the trial court's judgment.

**Brief Facts**

On July 24, a little before 9:30 p.m., Complainant heard someone moving about in his attached garage. He told the man to leave, locked the connecting door, and called the police. When the police arrived, they saw that a window had been broken out of the garage. Complainant told them that several of his fishing poles were missing and described them. Less than twenty minutes after they were called, the police located Appellant about half a mile from the house, walking and carrying several fishing poles. He told police that he was going fishing at Lake Benbrook, twenty miles away.

Appellant's trial counsel filed a motion for examination to determine whether Appellant was competent to stand trial. The trial court granted the motion. Dr. Barry Norman, a licensed psychologist, examined Appellant twice before trial and found that he exhibited mild symptoms of schizoaffective disorder but that he was competent to stand trial. Appellant did not request a formal hearing, nor did he object to the trial court's decision not to hold a formal hearing.

**Sufficiency of the Evidence**

Appellant's sufficiency argument, presented in his first issue, is two-pronged:

- There is no evidence of entry;

- Because of his mental illness, he was incapable of forming the intent to commit burglary.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

**Evidence of Entry**

Appellant argues that there is insufficient evidence that he actually entered the garage because the police found no fingerprints, no cuts on him, and no other evidence to connect him to the actual entry. The Texas Court of Criminal Appeals has held a defendant's "exclusive and unexplained possession of property recently stolen in a burglary in conjunction with the fact that he pawned the property very close to the burgled home . . . sufficient to support his burglary of a habitation conviction."[3] The Texas Court of Criminal Appeals clarified this holding in *Rollerson v. State*,[4]

> The State . . . asserts that "if the factfinder is permitted to draw a reasonable inference that an individual entered certain premises and committed a burglary, the factfinder is also permitted to draw a reasonable inference that the individual stole any and all property taken during the burglary." We agree, but with a caveat. The

---

[2]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

[3]*Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006).

[4]227 S.W.3d 718 (Tex. Crim. App. 2007).

3

inference permitted, in such a situation, is that the individual is criminally responsible, at least as a party, for all property stolen during the burglary. A person may be convicted as a party to an offense if that person commits the offense by his or her own conduct or by the conduct of another for whom he or she is criminally responsible. Thus, whether the defendant actually entered the home is not determinative of whether he is responsible for all items stolen in the burglary.

Even if appellant was only a "lookout" (or one of several burglars) he is still guilty of the offense of burglary.[5]

In the case now before this court, Appellant was found alone, carrying the stolen fishing poles, less than an hour after the break-in. Appellant's only explanation for his possession of the fishing poles was that he was going fishing. Under the existing standard for sufficiency of the evidence of burglary, we hold that a rational trier of fact could have found the evidence that Appellant entered the attached garage personally or as a party to the burglary sufficient beyond a reasonable doubt.

**Mens Rea**

Appellant argues that, because of mental illness and confusion, he lacked the ability to form the intent to commit robbery. Appellant was neither charged with nor convicted of robbery. We shall assume that Appellant inadvertently used the term "robbery" instead of the offense actually charged, burglary, in his brief. It is unclear to what extent Appellant argues that he could not form the intent to commit burglary. He was charged with unlawful entry with intent to

---

[5]*Id.* at 726 (footnotes omitted).

4

commit theft, but he was also charged with entering and actually committing or attempting to commit theft. Although the jury may not be instructed that they must employ the presumption that the defendant intended the natural and probable consequences of his actions,[6]

> both appellate and trial courts may measure the sufficiency of evidence by resort to a judicial presumption . . . . For example, the presumption of an intent to commit theft arises from the nonconsensual nighttime entry of a home or building. But an instruction to the jury on this legal "presumption" is an improper comment on the weight of the evidence.
>
> . . . .
>
> Similarly, in homicide prosecutions, the defendant's state of mind is a question of fact that must be determined by the jury. The intent to kill cannot be presumed as a matter of law. The jury may, of course, infer intent from any facts in evidence which it determines proves the existence of such intent to kill, such as the use of a deadly weapon. Nevertheless, a court may not instruct a jury that "intent to kill may be inferred from the use of a deadly weapon" because that instruction would be an impermissible comment on the weight of the evidence. It singles out a specific type of evidence and tells the jury that it may infer an element of the crime (such as criminal intent) from that evidence.[7]

As a reviewing court, we review the evidence and permissible inferences from that evidence to determine whether the jury could have found all the

---

[6]*Francis v. Franklin*, 471 U.S. 307, 311–12, 105 S. Ct. 1965, 1969–70 (1985).

[7]*Brown v. State*, 122 S.W.3d 794, 800–01 (Tex. Crim. App. 2003) (footnotes omitted), *cert. denied*, 541 U.S. 938 (2004).

elements of the offense alleged beyond a reasonable doubt.[8]  Appellant

challenges the sufficiency of the evidence to prove his intent when he entered

the garage.  Given that the indictment alleged both entry with intent to commit

theft and entry and did commit or attempt to commit theft, we hold that the

evidence is sufficient to show that Appellant intended to enter the habitation of

another without that person's effective consent:  he entered in the nighttime

through a broken window, stole fishing poles, and walked away with the fishing

poles without any notice to the owner, even after the owner yelled at him to get

out of the garage.  Under the indictment in this case, it was not necessary for the

State to prove entry with intent to commit theft.  It is sufficient that the State

proved that Appellant entered the garage without the owner's effective consent

and actually committed theft.  We overrule Appellant's first issue.

**Hearing on Competence**

In his second issue, Appellant contends that the trial court reversibly erred

by not holding a formal hearing on the issue of competence.  Article

46B.003(a)(1) and (2) of the Texas Code of Criminal Procedure provides, in

pertinent part, that "[a] person is incompetent to stand trial if [he] does not

have . . . sufficient present ability to consult with [his] lawyer with a reasonable

degree of rational understanding; or . . . a rational as well as factual

---

[8]*See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Dobbs*, 434 S.W.3d at 170; *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011).

6

understanding of the proceedings against [him]."[9]   Any "suggestion" of incompetence to stand trial requires the trial court to conduct an "informal inquiry" to determine whether evidence exists to justify a formal competency trial.[10]  Appellate courts review a trial court's determination whether to empanel a jury to conduct a competency hearing for an abuse of discretion.[11]  A trial court abuses its discretion if its decision is arbitrary or unreasonable.[12]

In the case now before this court, the trial court ordered Dr. Barry Norman to examine Appellant.  Nothing in Norman's report suggested that Appellant was incompetent to stand trial.  Appellant did not request a formal hearing or object to the trial court's decision not to conduct a formal hearing.  Nothing in the record raises any ground to doubt Appellant's competence to stand trial beyond those matters addressed by Dr. Norman.  Considering the record as a whole, we cannot say the trial court abused its discretion in deciding not to hold a formal hearing on competence.  We overrule Appellant's second issue.

---

[9]Tex. Code Crim. Proc. Ann. art. 46B.003(a)(1)–(2) (West 2006).

[10]*Id.* art. 46B.004(c) ("On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial.").

[11]*Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999).

[12]*Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009), *superseded on other grounds by statute*, Tex. Code Crim. Proc. Ann. art. 46B.004(c–1) (West Supp. 2015).

**Conclusion**

Having overruled Appellant's two issues, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 4, 2015