**Opinion issued August 20, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-14-00496-CR**

———————————

**PATRICK HURD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 155th District Court**
**Austin County, Texas**
**Trial Court Case No. 2013R-0086**

---

**MEMORANDUM OPINION**

A jury found Patrick Hurd guilty of the offense of burglary of a building

with intent to commit theft. *See* TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011).

With a sentence enhancement based on prior convictions, the trial court assessed

Hurd's punishment at 15 years' confinement. On appeal, Hurd contends that

legally insufficient evidence supports his conviction because the State failed to prove the element of entry. We hold that legally sufficient evidence supports Hurd's conviction and therefore affirm.

## Background

On June 19, 2013, at about 3:00 a.m., Officer C. Pawlak of the City of Sealy Police Department responded to a citizen's call about suspicious activity at a grocery store in Sealy. About a block away from the store, he turned off his headlights. As he approached, he saw two individuals wearing dark clothing near a vending machine outside the front of the store. One man stood in the front of the machine while the other periodically ran to the southeast corner of the building and scanned the area, acting as a lookout.

Officer Pawlak called for backup. Before the other officers arrived, however, the two suspects ran toward a blue pickup truck parked nearby. Pawlak saw the men standing near the open passenger-side door. When he turned a spotlight on the men, they fled. Police found one of the men, Craig Heywood, hiding behind a restaurant not far from the truck, but did not find the other at that time.

The responding officers examined the vending machine and surrounding area. A search of the truck revealed a wallet containing Hurd's Texas identification card and his social security card. In the bed of the pickup, the

2

officers also found a saw, miscellaneous hand tools, hammers, and a flashlight. The officers recovered a screwdriver on the ground near the place they found Heywood.

Near daybreak, about three hours after Officer Pawlak attempted to stop the two men, an Austin County sheriff's deputy dispatched that a man meeting the description of the suspect that Pawlak had broadcast to police was walking northbound on Highway 36 about 4.7 miles from the scene at the grocery store. Officer T. Argueta took the call, and she went to the scene, where a sheriff's deputy had detained Hurd. Officer Pawlak confirmed that Hurd wore clothing matching that of one of the suspects who had fled from the truck.

The maintenance warehouse for the City of Sealy's water and waste water department is located three blocks from the grocery store where Officer Pawlak found the two men. When Jimmy Wright, the department superintendent, arrived for work at 5:45 a.m. on the morning of the incident, he discovered that someone had pried open the door to the maintenance building. The deadbolt was removed and resting outside of the doorframe. The screen for the window next to the door was lying on the ground, and there were pry marks around the window frame. Tools were missing from the maintenance shed.

Wright testified that the department's yard is enclosed with a wire fence surrounding it with gates for entry and exit. The department employees lock the gates every night, and the gates were locked at the end of the work day before the incident. Although the locked gates did not appear to be disturbed on the morning of the incident, Wright testified that the fence has gaps in it that a person could slide through even when the gates were locked to access the maintenance shed. A sign on the fence states, "authorized employees only."

Wright identified tools found in the blue truck as City property that had been stolen from the City's locked maintenance warehouse, including a yellow-handled sledge hammer for accessing man-hole lids, bolt cutters, and some specialized tools carried in Sealy utility trucks housed in the evenings in the warehouse. In particular, a chop saw recovered from the blue truck had a City of Sealy blue inventory tag attached to it.

## Discussion

### I. Standard of Review

In his sole issue on appeal, Hurd challenges the legal sufficiency of the evidence to support his conviction. In reviewing a challenge to the sufficiency of the evidence, we consider all of the evidence in a light most favorable to the verdict and determine whether a rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt.

4

*See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). We consider the combined force of all the evidence and determine whether any necessary inferences have a reasonable basis. *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). Circumstantial evidence is as probative as direct evidence in proving the guilt of an actor, and circumstantial evidence can establish guilt. *See Dobbs*, 434 S.W.3d at 170. We presume that the jury resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Dobbs*, 434 S.W.3d at 170.

## II. Applicable law

A person commits burglary if, without the effective consent of the owner, the person "enters a building or habitation and commits or attempts to commit a felony, theft, or an assault." TEX. PENAL CODE ANN. § 30.02(a)(3). Hurd contends that there is no evidence that he entered the City's maintenance building.

The burglary statute defines "enter" as the intrusion of any part of the body or any physical object connected with the body into the building. *Id.* § 30.02(b)(1), (2). The State may prove entry, however, by circumstantial evidence. *Clark v. State*, 543 S.W.2d 125, 127 (Tex. Crim. App. 1976); *Phillips v. State*, 178 S.W.3d 78, 81 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). In particular, the

5

unexplained exclusive possession of property recently stolen from within a building or habitation permits an inference that the defendant is the one who committed the burglary. *Rollerson v. State*, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007); *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006).

## III.  Analysis

Hurd contends that no evidence supports a finding that he entered the City of Sealy maintenance warehouse or that he had any connection to the stolen tools.  He observes that the State's case is circumstantial; no witness saw Hurd enter the building or commit the theft.

The State presented evidence, however, that police found Hurd's Texas identification card and Social Security card in the truck, where they also found the stolen tools.  The lock to the warehouse door was broken, indicating unlawful entry.  The warehouse was broken into on the same night that police recovered the tools in the truck bed where they also found Hurd's identification.  Wright recounted that, although the warehouse had a number of larger, more valuable tools, the tools taken were smaller, in sizes that could be carried by a person traveling on foot and accessing the lot through the gaps in the fence.  The tools found in the truck bed met this description. Officer Pawlak saw a man fitting Hurd's description standing beside the open passenger door of the truck.  The man

fled when Pawlak asked him to stop. Hurd was arrested when he was found walking on foot not long after the police encounter.

It is a "well-settled rule that a defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary." *Rollerson*, 227 S.W.3d at 725. Based on the evidence that Hurd's identification was in the truck containing the stolen tools and that he was standing near it before fleeing the approaching officer, a rational factfinder could have found beyond a reasonable doubt that Hurd was in the exclusive possession of the stolen property identified as having come from the City's warehouse. Because the State adduced independent evidence of unlawful entry into the warehouse and that Hurd possessed property shortly after an unlawful entry into the warehouse, the jury reasonably could have inferred from this evidence that Hurd had committed the burglary of the warehouse the same night. *See id.* (upholding conviction for burglary with theft of firearms and coins based on unexplained possession of stolen coins); *Poncio*, 185 S.W.3d at 904 (affirming conviction for burglary where defendant attempted to pawn stolen guitars shortly after burglary committed; reaffirming rule that recent, unexplained possession of stolen property together with independent evidence of burglary is sufficient for jury to infer that the defendant committed burglary); *Williams v. State*, 621 S.W.2d 613, 614 (Tex. Crim. App. 1981) (holding that unexplained

exclusive possession of stolen jewelry in pockets of clothing defendant was wearing and in trunk of car defendant was driving on afternoon burglary took place was sufficient evidence to sustain conviction).

The cases that Hurd relies on, the Court of Criminal Appeals' 2007 *Williams* case, and *Green v. State*, 350 S.W.3d 617 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd), are factually distinct. Neither involved an offense in which, as in this case, the defendant was charged with burglary, with the stolen property found close in proximity to both the location (3 blocks from the warehouse) and time (the evening that someone broke into the warehouse) of the burglary, together with the defendant's state identification card and a witness that placed him standing next to vehicle containing the stolen property. *See Williams*, 235 S.W.3d at 757, 763 (holding evidence was insufficient to support criminal liability for fire that ensued after defendant left her children under boyfriend's supervision in home without utilities, in room with lit candle, without reason to suspect that boyfriend would leave children alone in room with candle still burning after they went to sleep); *Green*, 350 S.W.3d at 622–23, 624 (holding evidence insufficient to support violation of requirement that sex offender notify authorities before changing address where evidence did not support finding that defendant intended to change address before his address actually changed).

## Conclusion

We affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).