

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00379-CR

---

CHARLES TAYLOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from County Court at Law Number 1
Lubbock County, Texas
Trial Court No. CC-2023-CR-1827, Honorable Mark Hocker, Presiding

---

June 11, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Charles Taylor, was convicted by a jury of theft of property valued between $100 and $750, a Class B misdemeanor.[1] The trial court assessed punishment at fifty days' confinement. By a single issue, Appellant maintains the trial court erred in denying his motion for a directed verdict because the evidence was insufficient to sustain his conviction. We affirm.

---

[1] TEX. PENAL CODE ANN. § 31.03(a)(1), (e).

## BACKGROUND

During the evening hours of March 2, 2022, a store manager at a Family Dollar heard an alarm from an exit door at the rear of the store. She exited the store through the front door and walked around the corner of the building. She observed a man loading items into the rear tailgate area of a white SUV at the rear of the store while using a store dolly. The vehicle was not in an area designated for customers. The manager re-entered the store to retrieve her car keys and cell phone. She turned on her vehicle's headlights and photographed the SUV with her cell phone. She described the SUV as moving slowly "kind of like holding the brake to slowly roll to load up the items." After the items were loaded, the passenger joined the driver and they fled.[2] According to the manager, the stolen items were valued at $282.95 before sales tax and that neither the driver nor his passenger had consent to take them.[3] She approximated the value of the stolen dolly at $150 to $160.[4]

As the suspects drove away, the manager saw a police vehicle drive by and flagged it down. Sergeant Paine of the Lubbock Police Department stopped, and the manager reported what had occurred. She told him the SUV had turned onto a nearby street. He followed her directions and saw the SUV traveling at a high rate of speed in a thirty-mile-per-hour residential area. He activated his patrol vehicle's emergency lights to

---

[2] Although Family Dollar keeps surveillance video footage for ninety days, neither law enforcement nor the State requested the footage.

[3] The items were returned to the store by officers shortly after Appellant was arrested. The manager photographed the items and generated a receipt to assess their value.

[4] During direct examination, the manager testified she has a prior felony conviction for misprision but was telling the truth about the theft. On cross-examination, she clarified the conviction was for being in a relationship with an inmate while she was a correctional officer.

which the driver did not respond. Sergeant Paine then activated the siren and the SUV eventually stopped. The driver remained inside; the passenger, however, exited the SUV and fled the scene.

Appellant, the driver, initially misidentified his passenger to Sergeant Paine but when warned he may go to jail, correctly identified the passenger. Appellant claimed the passenger requested a ride to Family Dollar to pick up some items and he obliged in exchange for twenty dollars.

Sergeant Paine searched the SUV and found the stolen merchandise in a large, clear plastic tote in the rear seat together with the dolly used to load the merchandise. He testified he did not pursue the passenger without backup due to the risk of Appellant fleeing.

Appellant was arrested and charged with theft. His defense was wrong place, wrong time, wrong person, and he denied any knowledge that his passenger had stolen the items. After the State rested, Appellant moved for a directed verdict asserting the State had failed to establish the elements of theft. The State answered it had prosecuted Appellant as a party to the theft.

## STANDARD OF REVIEW

A motion for directed verdict is an attack on the sufficiency of the evidence to support a conviction and its denial is reviewed under the same standard used in a sufficiency review. *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). The only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove

3

beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

## APPLICABLE LAW

A person is guilty of theft if he unlawfully appropriates property without the owner's effective consent with intent to deprive the owner of that property. TEX. PENAL CODE ANN. § 31.03(a)(1). Theft is classified as a Class B misdemeanor if the value of the property stolen is $100 or more but less than $750. *Id.* at (e)(2).

Under the law of parties, a person is criminally responsible for an offense committed by his conduct or the conduct of another and may be charged with commission of that offense. TEX. PENAL CODE ANN. § 7.01(a), (b). Section 7.02(a)(2) provides that a person is criminally responsible for an offense committed by the conduct of another if he acts with intent to promote or assist the commission of the offense by soliciting, encouraging, directing, aiding, or attempting to aid the other person to commit the offense. TEX. PENAL CODE ANN. § 7.02(a)(2).

Circumstantial evidence alone may be used to prove a person is a party to an offense. *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987). Although mere presence at the scene of an offense is insufficient under the law of parties to support a conviction, it may be sufficient when combined with other circumstances. *Brochu v. State*, No. 07-15-00295-CR, 2017 Tex. App. LEXIS 6439, at *6 (Tex. App.—Amarillo July 12, 2017, no pet.) (mem. op., not designated for publication) (citing *Ahrens v. State*, 43 S.W.3d 630, 634 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd)). The State must show

4

it was the defendant's conscious objective or desire for the primary actor to commit the crime to prove he intended to promote or assist in the commission of the offense. *Metcalf v. State*, 597 S.W.3d 847, 856 (Tex. Crim. App. 2020).

## ANALYSIS

Appellant's sole complaint is that the trial court should have granted his motion for directed verdict because the evidence was insufficient to support his conviction, particularly his intent to deprive the owner of the property.[5] We disagree.

Appellant's presence alone at the scene was insufficient to convict him as a party. However, the State presented sufficient evidence to show he assisted in the theft. During the manager's cross-examination, she was asked about the photograph she took of Appellant's SUV leaving the scene. It showed the brake lights were activated at the intersection by the store and the defense theorized that shoplifters do not drive slowly or comply with traffic laws while driving a getaway vehicle. Sergeant Paine testified that when the manager flagged him down, he saw a white Expedition leave the area "very quickly." He immediately gave chase and saw the SUV within a few blocks speeding in a residential area. Appellant was speeding through a residential neighborhood while fleeing, conduct consistent with driving a getaway vehicle. He failed to stop in response to the patrol vehicle's emergency lights which required Sergeant Paine to activate the siren. Also, he falsely identified his passenger when first asked about him.

---

[5] "Owner" is defined as a person who has a greater right to possession of the property than the actor. TEX. PENAL CODE ANN. § 1.07(a)(35)(A). Here, the "owner" for the purpose of proving theft was the Family Dollar store manager.

5

Sergeant Paine found the stolen merchandise and dolly in the rear seat.[6]  Based on what the store manager had told Sergeant Paine and the way the merchandise was thrown in a large, clear tote together with Appellant's departure in a "rapid manner," he deduced Appellant was involved in the theft.[7]

The State rested after the manager and Sergeant Paine testified.  Outside the jury's presence, defense counsel moved for a directed verdict of not guilty for failure to prove the elements of theft.  The State responded that the evidence showed Appellant was a party to the theft.  The trial court denied the motion and the defense rested without presentation of any evidence.

The court's charge instructed the jury on the law of parties.  The manager's testimony that Appellant was rolling slowly in the rear area of the store not designated for customer parking while his passenger loaded items indicates awareness that his passenger did not pay for the items.  The stolen items were not bagged; they were thrown into a large plastic bin.  A dolly was also loaded into Appellant's SUV.  The evidence, albeit circumstantial, showed Appellant's participation amounted to more than mere presence at the scene; he assisted the passenger in depriving the owner of the property by driving the getaway vehicle making him criminally responsible as a party to the offense.

---

[6] The defense attempted to discredit the manager because she gave an inconsistent statement when she claimed to see the passenger load the stolen merchandise into the rear tailgate area of the SUV but the merchandise was found in the rear seat instead.  She testified a year and a half had passed and she was "so confused."  The jury was free to resolve the inconsistency against Appellant.

[7] Redacted footage from Sergeant Paine's body camera was admitted.  However, at times the sound was not activated.

The jury was free to reject his defensive theory that he was unaware his passenger had committed theft.

Additionally, the presence of stolen property in Appellant's SUV without a reasonable explanation permitted the trier of fact to draw an inference of guilt as to the theft of that property. *See Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006). To support a theft conviction, the explanation for possession of stolen property must be either proven false or unreasonable. *Id.* Whether an explanation is true is a question for the trier of fact. *Lewis v. State*, No. 07-15-00061-CR, 2016 Tex. App. LEXIS 12533, at *16 (Tex. App.—Amarillo Nov. 22, 2016, pet. ref'd) (mem. op., not designated for publication). Appellant told Sergeant Paine he had offered his passenger a ride to go "shopping." Yet, he parked in the rear of a store not designated for customers parking while unbagged merchandise and a dolly were loaded into his SUV as it slowly rolled. The jury rejected his explanation as unreasonable. We conclude the evidence was sufficient to support Appellant's conviction for theft under the law of parties. The trial court did not err in denying his motion for directed verdict. His sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.

7